Ferner v. The State.

tory requirement, this court is without jurisdiction over the appeal, and it therefore must be, and is, dismissed.

## FERNER v. THE STATE.

[No. 18,646. Filed October 12, 1898.]

DENTISTRY.—*Practicing Without License.—Affidavit and Information.*—An affidavit and information charging a person with practicing dentistry without first having "obtained and procured a certificate of qualification and registration so to do, from the board of dental examiners" and without being registered according to law is not bad for failing to negative the granting of a special permit to such person. *pp. 247-249.*

SAME.—*License.—Constitutional Law.*— Section 5596, Burns' R. S. 1894, providing for the appointment of a board of dental examiners by the Indiana State Dental Association is not in violation of section 23 of article 1 of the constitution forbidding the granting of privileges which shall not, upon the same terms, equally belong to all citizens. *pp. 249, 250.*

SAME.—*License—Appeal.—Constitutional Law.*—The act of March 7, 1887, section 5595, *et seq.*, Burns' R. S. 1894 (Acts 1887, p. 58), regulating the practice of dentistry and providing for the appointment of a board of examiners is not unconstitutional for failing to extend the right of appeal from the decisions of such board. *p. 250.*

SAME.—*Practice of Dentistry Without License.—Evidence.*—Evidence that defendant leased and occupied rooms for several months for the declared purpose of practicing dentistry; that he had done dental work for three or more persons; that at times he engaged in filling teeth, and at other times did work at the bench, is sufficient to support the verdict that defendant engaged in the practice of dentistry, in a prosecution for practicing dentistry without a license. *p. 250.*

From the Jay Circuit Court. *Affirmed.*

*D. T. Taylor* and *John M. Smith*, for appellant.

*W. A. Ketcham*, Attorney-General, and *Merrill Moores*, for State.

HACKNEY, C. J.—The appellant was charged by information with having on the 1st day of July, 1897, and continuously thereafter until the 1st day of January, 1898, unlawfully practiced dentistry without

having first "obtained and procured a certificate of qualification and registration so to do, from the Board of Dental Examiners," and without, during the period aforesaid, being lawfully registered according to law, and not then and there, nor during any part of said period, being a lawfully registered surgeon or physician engaged in the practice of medicine or surgery. The charge is based upon sections 5595 *et seq.*, Burns' R. S. 1894, the first of which provides that "it shall be unlawful for any one to practice dentistry * * * without being registered according to the provisions of this act." Other provisions require a board of examiners to grant certificates of registration to certain applicants, and certificates of qualification and registration to others. Section 5601, Burns' R. S. 1894, provides that "Any member of the Board of Examiners may grant a permit to practice dentistry to any person who shall file with said member his application therefor, but such permit shall only be valid until the next meeting of said board." It is urged that the charge was subject to the appellant's motion to quash by reason of the failure to negative the granting of the special permit authorized by the section just quoted.

We think it quite clear that it is made a crime to practice dentistry "without being registered." Registry, within the purpose of the law, relates to the permanent authority to practice dentistry, and the temporary permit is only a protection until the board shall meet to make the registry. The permit would be a bar to a prosecution, and available as a defense to a charge of practicing without registry. The information is sufficient to charge the absence of registry, although it may unnecessarily charge the failure to procure a certificate of qualification and registration. The one question upon the motion, there-

fore, is, should the possession of a special permit have been negatived? Exceptions in the nature of a defense, and those not a part of the clause creating the offense, but made by another section of the statute, need not be negatived in the charge, and need not be proved by the State. *Russell* v. *State*, 50 Ind. 174; *State* v. *Maddox*, 74 Ind. 105; *Mergentheim* v. *State*, 107 Ind. 567; *Hewitt* v. *State*, 121 Ind. 245; *People* v. *Phippin*, 70 Mich. 10, 37 N. W. 888; *Harding* v. *People*, 10 Colo. 387, 15 Pac. 727; *Logan* v. *State*, 5 Texas App. 306; *Hale* v. *State*, 51 N. E. (Ohio) 154; Bishop's New Crim. Proc. 638, 639. The exception here is independent of the clause creating the offense, and was not required to be negatived.

It is insisted, also, that section 5596, Burns' R. S. 1894, is unconstitutional, as in violation of section 23, article 1 of the state constitution, forbidding the granting of privileges which shall not, upon the same terms, equally belong to all citizens. Said section provides for the appointment of a board of examiners consisting of five members, three of whom to be chosen by the Indiana State Dental Association. By this provision, it is claimed, a special privilege is given the Indiana State Dental Association of naming members of the Board of Examiners and prescribing the standard of qualification. It is not necessary that members of the association shall be appointed upon the board. Whether the law itself should prescribe the standard of qualification, and whether it does so, are questions not presented. It is not objected that the law discriminates against the appellant in extending the right to practice dentistry, but it is that it discriminates in favor of the dental association in permitting it to exercise official duties. The power to appoint is in the nature of a duty, rather than a privilege. It may not be said to

be a special privilege any more than that conferred upon circuit judges to appoint city commissioners or a drainage commissioner, or that the Governor, the president of the state university, superintendents of common schools shall be members of the State Board of Education, or in many other instances where non-judicial functions are imposed upon judicial officers, or nonexecutive functions are cast upon the executive, or where men, by reason of their learning, are designated to perform a service to the public.   Long ago, Mr. Justice Washington said of the phrase "privileges and immunities," as employed in the federal constitution: "We feel no hesitation in confining these expressions to those privileges and immunities which are, in their nature, fundamental; which belong, of right, to the citizens of all free governments; and which have, at all times, been enjoyed by the citizens of the several states which compose the union, from the time of their becoming free, independent, and sovereign."   These, he said, may be "comprehended under the following general heads: protection by the government; the enjoyment of life and liberty, with the right to acquire and possess property of every kind, and to pursue and obtain happiness and safety; subject, nevertheless, to such restraints as the government may justly prescribe for the general good of the whole." *Corfield* v. *Coryell*, 4 Wash. (U. S.) 371. If more were included, the General Assembly would be denied the right to appoint to office, because the appointee would enjoy a privilege not enjoyed by another.   Every man appointed to an office, in a sense enjoys a privilege not enjoyed by another, but the appointment does not deprive any other citizen of a privilege; on the contrary, the appointee is an instrument of the government to protect such other citizen in his rights.

It has been suggested, rather than argued, that the act in question does not afford due process of law, in that it fails to extend the right of appeal from decisions by the board. It may be seriously doubted if one who does not seek a decision of the board may complain that he could not appeal from its action. It may be suggested, also, that the general rule is that appeals are recognized as allowable only from judicial decisions, and boards of the character of that in question do not render judicial decisions. *State, ex rel.,* v. *Webster,* 150 Ind. 607.

It is further objected that the evidence did not support the verdict that the appellant engaged in the practice of dentistry. It showed that the appellant leased and occupied rooms for several months for the declared purpose of practicing dentistry; that he had done dental work for three or more persons; that at times he engaged in filling teeth, and at other times did dental work at the bench. This we regard as sufficient to require the inference that he engaged in the practice. *Benham* v. *State,* 116 Ind. 112. The judgment is affirmed.