## TRUELOVE, TREASURER, *v.* CITY OF WASHINGTON.

[No. 21,088. Filed November 20, 1907.]

1. STATUTES.—*Construction.*—In the construction of a statute, the courts, while looking at the ordinary meaning of the language used, will also examine the whole act, the several parts thereof, the objects sought to be accomplished, the legislative intent and the history connected with the enactment thereof. p. 293.

2. SAME.—*Construction.—Cities and Towns.—Treasurers.*—In construing the cities and towns act of 1905 (Acts 1905, p. 219, §3462 *et seq.* Burns 1905) so far as it relates to city treasurers in county seat cities, it should be remembered that two systems for collecting and disbursing taxes are not convenient nor economical and that it is convenient for public business that all cities have a local treasurer to receive and disburse the revenues. p. 293.

3. MUNICIPAL CORPORATIONS. — *Taxes. — Collection of. — County Treasurers.*—It is the duty of county treasurers to collect all state, county, township, city and town taxes within their respective counties, and to turn over such city and town taxes to the proper city and town treasurers, except that in county seat cities of the first, second and third classes the county treasurer shall be *ex officio* city treasurer. p. 293.

4. SAME.—*City Treasurers.*—The cities and towns act of 1905 (Acts 1905, p. 219, §3462 *et seq.* Burns 1905) did not abolish the office of city treasurer, except as to county seat cities of the first, second and third classes, though it relieved such officers from the duty of collecting the regular city taxes. p. 299.

5. CONSTITUTIONAL LAW.—*Officers.—Additional Duties.—Demanding Services Without Compensation.—Class Privileges.*—Section 3632 Burns 1905, Acts 1905, p. 219, §207, providing extra compensation for county treasurers for services rendered in the collection and disbursement of taxes of cities of certain classes within their respective counties, is not in conflict with the constitutional provision (Art. 1, §21) providing that individual services shall not be exacted without just compensation, or with the constitutional provision (Art. 1, §23) forbidding the granting of unequal privileges, because, for the performance of such duties for cities of other classes, it provides that no additional compensation shall be received. p. 300.

6. FEES AND SALARIES.—*Powers of Legislature.—Officers.—Accepting Office.*—The legislature may, on creating an office, fix the compensation of the officer either by fees, salary or both; and a person accepting such office takes it with its burdens, and impliedly agrees to perform its duties for the prescribed compensation. p. 300.

From Daviess Circuit Court; *Hileary Q. Houghton,* Judge.

Action by Hilary Truelove, as County Treasurer of Daviess County, against the City of Washington. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*M. S. Hastings, J. G. Allen* and *E. E. Hastings,* for appellant.

*W. R. Gardiner,* for appellee.

HADLEY, C. J.—Hilary Truelove, as treasurer of Daviess county, of the one part, and the city of Washington, a city of the fifth class, of the other part, entered into an agreed statement of facts which they submitted to the circuit court as an agreed case under the provisions of §580 Burns 1908, §554 R. S. 1881, praying the court to construe the act entitled "An act concerning municipal corporations," approved March 6, 1905, and known as the cities and towns act (Acts 1905, p. 219), and particularly sections 195-212, inclusive (§§3619-3637 Burns 1905), so far as the same relate to the duties of appellant as such county treasurer in the collection of taxes and other revenues for and on behalf of appellee city. Upon the agreed case the court stated the following conclusions of law: "(1) It is his duty to receive the tax duplicates in which the aggregate of all taxes, including city and other taxes, is carried out by the county auditor when delivered to him by such officer, as provided by section 201 of the act. (2) It is his duty to include in the notice required by law to be given of the receipt of the tax duplicates for collection a statement of the amount of taxes charged the defendant city of Washington for city purposes, upon each $100 valuation of taxable property, and for such purposes upon each taxable poll; to collect all taxes shown upon such duplicate for said city for city purposes, the same as he is required by law to receive and collect the taxes thereon for state, county, road, and other purposes, and all other duties as required and

provided in section 202. (3) It is his duty to collect all delinquent city taxes of said city as provided by section 204. (4) It is his duty on the first Monday in November in each year to make settlement with the county auditor for the amount of delinquent city taxes and to certify with the auditor a statement as provided in section 205. (5) It is his duty to keep account of all moneys received by him for the defendant city for taxes, current and delinquent, and pay the same to the treasurer of the defendant city as provided in section 208.''

It is a fundamental rule of interpretation of statutes that courts, while taking words in their ordinary sense, will look to the whole act, to the several parts thereof, to the object sought to be accomplished, and to the legislative intent, as exemplified by the speeches and history of the law in its progress through the several respective branches of the General Assembly. *Walter A. Wood, etc., Mach. Co.* v. *Caldwell* (1876), 54 Ind. 270, 23 Am. Rep. 641; *Edger* v. *Board, etc.* (1880), 70 Ind. 331; *Stout* v. *Board, etc.* (1886), 107 Ind. 343; *State* v. *Lowry* (1906), 166 Ind. 372, 4 L. R. A. (N. S.) 528; Sutherland, Stat. Constr., §239.

Two things should be fixed in the mind to begin with: (1) That neither convenience nor economy will be conserved by maintaining in cities constituting county seats two systems and two public offices and two officers for the collection and disbursement of taxes; and (2) it is necessary to the convenient and orderly dispatch of public business that all cities have a local treasurer, or other officers, to receive, hold and disburse the taxes and other revenues of such city. With these facts before us, the construction of the statute, under review, presents neither violent conflict nor puzzling ambiguity.

In the fifty years following the adoption of our present Constitution, the laws relating to municipal government

had become so numerous, repetitional and confused that the legislature of 1903 provided for the appointment of a commission to compile, revise and codify, among others, the statutes of the State relating to municipalities, "to improve, systematize, harmonize, and make the laws clear and intelligible." Acts 1903, p. 391. The commission, composed of eminent lawyers, as a part of its report to the General Assembly in 1905, submitted a bill, containing what was proposed as a complete, efficient, and, so far as practicable, a harmonious system of government for cities and towns. In the scheme devised by the commission it is very clear that it was intended that in all county-seat cities, being places where county treasurers are required to keep their offices, the office of city treasurer should be dispensed with, and that all duties conferred by the act upon treasurers of other cities should in such county-seat cities be imposed upon county treasurers. The original bill, as proposed by the commission, and as introduced in the legislature, in defining the elective officers of cities, provided (section forty-three) that treasurers should be elected in all the cities of the State, except county-seat cities, in which latter class the county treasurer should act as city treasurer. This section of the bill was amended, by inserting the words "of the first, second, or third class," as they appear in the fourth line of section forty-three of the act (Senate Journal, 1905, p. 919), so as to restrict the nonelecting county-seat cities to cities of the first, second, and third class, thus leaving treasurers to be elected in county-seat cities of the fourth and fifth classes. This legislative purpose is further manifested in an amendment made to section 195 by inserting the words "of the first, second, or third class" as they appear in lines three, twelve, and seventeen of said section, also as they appear further in sections 195 and 207. The amendments there mentioned are all the amendments made to the sections of the original bill now under consideration which are at all material to

the question before us.   With the aid of this fact, we will now proceed to notice what appears to us as the true rendering of the law with respect to the duties of county treasurer.

We are of opinion that it was intended by both the codification commission, while engaged in devising a governmental scheme for cities, 'which should be efficient, uniform, economical and convenient, and the General Assembly, in enacting the statute before us, to impose upon county treasurers the duty of collecting all regular taxes, current and delinquent, for all the cities of their respective counties, and when collected to turn the same over to the several city treasurers, except that in county-seat cities of the first, second and third class the county treasurer shall also be and act as city treasurer *ex officio*.   This conclusion has been reached from the following considerations:   Section forty-three of the act (Acts 1905, p. 219, §3467 Burns 1905) makes it the duty of all cities of the State to elect a city treasurer, except county-seat cities of the first, second and third classes, thus placing county-seat cities of the fourth and fifth classes upon the same footing as to the election of a city treasurer as non-county-seat cities.   Requiring all cities but those excepted to elect city treasurers, does not necessarily mean that such treasurers shall be charged with the duty of collecting the city taxes, and it is plain from the sections of the statute that follow that no such right or duty rests upon city treasurers, except as imposed upon the treasurers of cities of the fourth class which are not county seats, as provided by the act of March 9, 1907 (Acts 1907, p. 333).

Section 3619, *supra,* provides that in cities of the first, second and third classes the office of city treasurer shall, upon the expiration of the term of the present incumbent, ''be abolished, * * * and thereafter in every city of the first, second, or third class which is a county seat of the county in which any such city is located the county treasurer of such county shall be, *ex officio,* treasurer of such

city, and shall perform all the duties in this act required to be performed by city treasurers; *and whenever, in this act,* in relation to cities of the first, second, or third classes, which are such county seats, the term treasurer, or city treasurer, is used, such designation shall apply to the county treasurer acting as treasurer of any such city.''

Section 3620, *supra,* further emphasizes the abolition of the office of city treasurer in county seats which come within one of the three highest classes, and directly and expressly imposes upon county treasurers the duty of collecting all the regular taxes in such cities of the State. It provides that ''the treasurer of every county having a city as its county seat, except in cities of the fourth and fifth classes, shall, on the expiration of the term of the present incumbent, perform all the duties which by law or the ordinances of such city are required to be performed by the treasurer thereof, * * * in the same manner and with like effect as such duties are required to be performed by such city treasurer.'' It further provides that such county treasurer, before assuming the duties of such city treasurer, shall take an oath faithfully to perform his duties, and execute a bond payable to the State, with surety to be approved by the common council, in a penalty prescribed by such council, conditioned that he will faithfully discharge the duties of his office so far as the same affect the city, and safely keep and account for all moneys received by him for such city.

Section 3622, *supra,* provides that after the taking effect of this act the city treasurer of all county-seat cities of the first, second, and third classes, upon the expiration of his term, shall make settlement with the city clerk, and pay over to the county treasurer all funds in his hands.

Sections 3625-3633, *supra,* which provide the procedure in the assessment and collection of taxes in all cities of the State, make it plain that city treasurers have nothing to do with the collection of regular taxes, current or delinquent, beyond receiving the money from the county treas-

urer, after he has collected it from the taxpayers, except as otherwise provided by the act of March 9, 1907 (Acts 1907, p. 333).

Section 3625, *supra,* enacts that "it shall be the duty of the auditor of the county in which *any city is situated,* in each year, to make out and deliver to the city clerk, in cities of the fifth class, and to the department of finance in cities of every other class," a certificate showing the aggregate assessment of taxation for the current year of all taxable property in the city as returned by the assessor and fixed by the board of review. Such department of finance, or city clerk, shall lay such certificate before the common council at its next regular meeting, which shall proceed to levy a tax upon the property listed, sufficient to meet the wants of the city for the ensuing year. The levy of the taxes, so made by the common council (§3626, *supra*), shall be forth-· with certified to the county auditor, who shall proceed to compute the taxes for the city, as required to do for state, county, and township taxes, and enter the amount of tax chargeable to each person against the name of such person as it appears upon the tax duplicate of the county for such city, in proper columns where the taxes for state, county and township with which such person is charged is entered, and the aggregate set down in a column of totals, and "such duplicate shall thereupon be delivered to the treasurer of the county as now provided by law." *"Every county treasurer* (§3627, *supra,*) shall include in the notice required by law to be given by him of the receipt of the tax duplicate for collection a statement of the amount of taxes charged in such city, for city purposes, * * * and such notice shall be the only notice required to be given of such facts." Such county treasurer shall collect all taxes shown upon the duplicate of such city for city purposes, the same as he is required to collect the taxes for state, county, and township purposes.

Such county treasurer, acting as city treasurer (§3628,

*supra,*) shall, when making his annual settlement with the county auditor, as now required by law, make settlement with such auditor for the amount with which he is chargeable on account of city taxes. Immediately after such settlement the auditor shall make out a statement in duplicate, showing the aggregate amount of all current and delinquent city taxes that have been collected by the county treasurer, as shown by the duplicate, one copy of which statement shall be delivered to the department of finance, or the city clerk, as the case may be, who shall charge the amount thereby shown to have been collected to such county treasurer as cash in his hands.

Section 3629, *supra,* provides that the county auditor shall make out a list of delinquent city taxpayers, as shown by the duplicate, which shall be delivered to the county treasurer, who shall be thereby empowered, and it shall be his duty, to collect such delinquent taxes, in the same manner and with the same penalty and interest as state, county and township taxes are collected.

Section 3630, *supra,* provides for the settlement of the county treasurer with the county auditor for delinquent taxes collected on behalf of cities.

Section 3631, *supra,* provides for the sale, by county treasurers, of the property of city delinquents, for a recovery of city taxes.

The system for the collection and lodging of regular city taxes with the city treasurers is concluded and clearly indicated by §3633, *supra,* the material part of which we quote. ''The treasurer of every county in the State shall keep an account of all moneys received by him for each city in such county, for taxes, current or delinquent, assessments, license fees, and from all other sources whatever; and on the first day of each month he shall receipt, (that is, acknowledge in writing) to the controller of such city, in cities in which the office of controller has been created, and to the city clerk in all other cities, for the amounts col-

lected by him as aforesaid for the preceding month, itemizing the moneys so by him collected, which amounts so receipted for shall at once be available for such city's use. In cities of the fourth and fifth classes, and in all other cities which are not county seats, such county treasurer shall pay over such amounts to the city treasurers of such cities respectively; and in cities of the first, second, and third classes, which are county seats he shall pay such amounts on the warrants drawn on the city treasurer by the city controller of each of such cities respectively, and as otherwise provided in this act."

Section 3632, *supra,* in fixing the compensation of officers, enacts that the county auditor, for all services required to be performed by him under this act, shall receive an annual salary, in county-seat cities of the first class, of $1,000; in such cities of the second class, of $500; and in such cities of the third class, of $400. The county treasurer for all services required of him in such cities of the first class shall receive $8,500; in cities of the second class, $1,500; and in cities of the third class, $1,000, to be paid out of the funds of the city upon allowance of the common council; and, in addition to such salary, the treasurer shall be allowed five per cent of the amount of delinquent taxes collected by him; and "for their services under this act, in cities other than cities of the first, second, and third classes, which are county seats, county auditors and county treasurers shall receive no compensation other than that allowed them by law as such county officers."

The making of provisions for the collection of city taxes by county treasurers did not relieve municipal bodies from the necessity of having some public officer to discharge the usual and appropriate duties incident to the office of treasurer, such as the collection of license fees and other claims due the city, and to receive, hold, and disburse the various revenues provided for the maintenance of the city government.

The legislature recognized this continuing necessity, and having first, by §3467, *supra,* provided for the election of city treasurers, in all cities of the State, except county-seat cities of the first, second, and third classes, and provided, in §3619, *supra,* that in the excepted cities the county treasurer shall act as treasurer *ex officio,* devotes §§3625-3637, *supra,* inclusive, solely to the defining and prescribing of the duties of all city and acting city treasurers. But the collection of regular city taxes nowhere appears as one of their duties, save in the excepted cities. Among other things, they shall receive "all moneys due to, *or to be collected for any city,"* as taxes collected by the county treasurer. They shall pay all city warrants and obligations, redeem and cancel bonds and city orders, make reports, etc. In other words, they shall perform all the duties usual to the office of treasurer of a municipal corporation, other than collect regular city taxes.

The system outlined and defined by the sections referred to for the collection of city taxes is reasonable and efficient, and there appears no just ground for calling in question the correctness of the court's conclusions of law, as set forth at the head of this opinion. Appellant, however, contends that if the interpretation by the circuit court is correct, then §3632, *supra,* is invalid, as being in contravention of §21, article 1, of the Constitution, which affirms that "no man's particular services shall be demanded without just compensation," and likewise in conflict with §23, article 1, of the Constitution, which forbids the General Assembly from granting to "any citizen, or class of citizens, privileges, or immunities, which upon the same terms shall not equally belong to all citizens."

In the exercise of its sound judgment the General Assembly, in creating a public office, and in defining the duties of the officer, may arbitrarily determine and fix the compensation to be allowed for the services required of such officer, either by a system of fees and allow-

ances for specific items, or by a lump salary for all; and any one accepting such office takes it, *cum onere,* and impliedly undertakes to perform all the official acts there prescribed and that may be subsequently prescribed and imposed upon it by the legislature, without any compensation other than that granted by the statute. As said in *Yeager* v. *Board, etc.* (1884), 95 Ind. 427, 430: "If the legislature imposes burdensome or unremunerative duties, he [the officer] must perform as required or resign the office. Such duties are official, and not particular services, under the Constitution, which cannot be required without just compensation." See, also, *Falkenburgh* v. *Jones* (1854), 5 Ind. 296; *Bynum* v. *Board, etc.* (1885), 100 Ind. 90; *Board, etc.,* v. *Gresham* (1885), 101 Ind. 53.

If it can be said that §23, *supra,* applies to public officers at all, or, that public office is a privilege (*Ferner* v. *State* [1898], 151 Ind. 247) the provision cannot be held to embrace the facts of this case because treasurers of cities of the first class and those of the fifth class are not of the same class, and do not have, or cannot therefore perform, duties identical in kind and extent. Section 3632, *supra,* is not obnoxious to the Constitution on the grounds claimed. We find no error.

Judgment affirmed.