## LUNDY v. STATE OF INDIANA.

[No. 24,601.    Filed November 18, 1924.]

1. PARENT AND CHILD.—*Duty of Child to Support Parent.—Affidavit.*—In charging non-support of a parent by a child under Acts 1923, ch. 15, p. 53, it is not necessary to negative the exception contained in the last clause of the section that the statute does not apply to children who have not lived with or have not been supported by their parents when the children were minors, since it is in a subsequent clause.    p. 369.

2. PARENT AND CHILD.—*Duty of Child to Support Parent.—Sufficiency, of Evidence to Establish Offense.*—Evidence that a man employed as a stonecutter was the only child of his parents, that both parents required waiting on, that he was at an expense of $180 per month of which $44.50 per month was for payments on a second hand automobile, and that he had obtained an order from the township trustee and taken his parents to the county poor farm, was sufficient to establish his duty to support his parents under Acts 1923, ch. 15, p. 53.    p. 370.

From Lawrence Circuit Court; *James A. Cox,* Judge.

Bernard Lundy was convicted of failure to support his parents, and he appeals.    *Affirmed.*

*S. B. Lowe,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, J.—Appellant was charged by indictment with the offense of failing to support his indigent and disabled parents, although financially able to do so, as defined by ch. 15, Acts 1923 p. 53.    The sufficiency of the affidavit is attacked because it does not allege that

1. the parents had supported and maintained defendant during his minority. Such an allegation was not necessary. That part of the statute which defines the offense merely provides "that hereafter if any person being of full age and financially able has neglected, or shall hereafter, without reasonable cause, neglect to maintain and support his or her parent or parents, if such parent or parents be sick or not able to work and have no sufficient means or ability to maintain or support themselves, such person shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in any sum not exceeding $500, to which may be added imprisonment in the county jail for a period not exceeding 6 months." And only after making provisions more than 100 words in length for requiring two or more children of the same indigent and disabled parent to contribute to his or her support, and for conferring jurisdiction on the court of a single county to compel all of such children to contribute thereto, did the section conclude as follows: "The provisions of this act shall not apply to children who have not lived with or who have not been supported by their parents when such children were minors." Ch. 15, Acts 1923 pp. 53, 54.

"The law in relation to exceptions in a statute is, that if the exception be contained in a subsequent clause or statute, it is matter of defence, and need not be negatived in the indictment." *Russell* v. *State* (1875), 50 Ind. 174; *Ferner* v. *State* (1898), 151 Ind. 247, 249, 51 N. E. 360; *Jenkins* v. *State* (1919), 188 Ind. 510, 511, 124 N. E. 748.

The provisions in question are not found in that part of the statute defining the crime. *Witty* v. *State* (1910), 173 Ind. 404, 407, 90 N. E. 627, 25 L. R. A. (N. S.) 1297.

VOL. 195—24

There was evidence that the defendant was the only child of his parents, that both of his parents required waiting on, that he was a stone cutter and was 2. at an expense of $180 per month, of which $44.50 per month was for payments on a second hand automobile he was buying, and that he had taken his parents to the county poor farm upon an order which he obtained from the township trustee, where they had remained from May 13, 1923, until the time of the trial, in December following. Also that except his household goods he had nothing but his current earnings.

This evidence is sufficient to sustain the verdict of guilty.

The judgment is affirmed.