BENTON COUNTY COUNCIL OF BENTON COUNTY ET AL. *v.* STATE EX REL. SPARKS, COUNTY SUPERINTENDENT OF SCHOOLS

[No. 28,114. Filed February 26, 1946.]

*Berry & Nolin,* and *Wilbur G. Nolin,* all of Fowler, and *E. Burke Walker,* of Lafayette, for appellants.

*Lutz, Johnson & Lutz,* of Indianapolis, and *George F. Sammons,* of Kentland, for appellee.

STARR, J.—This is a suit by the appellee relator Ralph P. Sparks against the Benton County Council and its members in their official capacity, the Benton County Board of Commissioners and its members in their official capacity, and the auditor of said county, to mandate the appropriation, certification, allowance and payment of appellee's salary as county superintendent of schools of said county.

Upon the overruling of appellants' demurrer to appellee's amended complaint appellants refused to plead further and judgment was rendered against them as on default, from which judgment this appeal is prosecuted.

The pertinent parts of the amended complaint are substantially as follows: That the appellee was the County Superintendent of Schools of Benton County from August 16, 1941, to August 15, 1944, at which last mentioned date he resigned said office; that prior to his taking office his statutory salary of $1,560 per annum as provided by § 49-1004, Burns' 1933, was raised to the sum of $2,700 which increase became effective January 1, 1942; that on August 2, 1943, and during appellee's term of office, the township trustees in said county, by the order of that date, increased said salary from $2,700 per annum from and after August 1, 1943; that, although the increase remained in full force, the county council refuses to enter an appropriation for said salary, and on account of said refusal the board of commissioners has not been able to allow the salary or has the auditor been able to certify the appropriation to said board of commissioners.

As authority for said increase in salary the appellee relies upon § 49-1014, Burns' 1933 (Supp.) which reads as follows:

"The salary of the county superintendent, as herein stipulated, may be increased by a majority of

the township trustees to an amount which, in the judgment of a majority of the township trustees, may seem proper, and the county council shall appropriate and the board of county commissioners shall allow the necessary funds to pay such increase in the salary of the county superintendent."

Appellants' demurrer to this complaint is on the ground that the same does not state facts sufficient to constitute a cause of action. The reasons set out in the memorandum filed with the demurrer and which are insisted upon by appellants in this appeal are, first, the above statute is unconstitutional because it is a special and local law and violates § 22, Art. 4, of the Constitution of Indiana, and confers special privileges upon the appellee which is prohibited by § 23, Art. 1, of the Constitution of Indiana; and, second, that if said statute is valid it cannot be construed as authorizing an increase in the appellee's salary during his term of office, as such increase is prohibited by § 2, Art. 15, of the Constitution of Indiana as amended in 1926. We will take these objections up in their order.

That portion of § 22, of Art. 4, of our constitution relied upon by appellants reads as follows:

"The General Assembly shall not pass local or special laws in any of the following enumerated cases:

"(10) Regulating county and township business.

"(11) Regulating the election of county and township officers and their compensation.

"(14) In relation to fees and salaries; except the laws may be so made as to grade the compensation of officers in proportion to the population and the necessary services required."

The act complained of applies to all county superintendents throughout the state. Such classification is

a general one and there is no basis for the contention that the same is local. "A law is not local or special if it applies to all who come within its provisions, generally and without exception, rests upon an inherent and substantial basis of classification, and its operation is the same in all parts of the state under the same circumstances and conditions." *Saraceno* v. *State* (1931), 202 Ind. 663, 177 N. E. 436.

Appellants contend that this statute confers a privilege upon this office not conferred upon other public offices and is in the nature of a special legislative favor as prohibited by § 23, Art. 1, of our Constitution which reads as follows:

"The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

A complete answer to this objection is that a public office is not a privilege. "Every man appointed to an office, in a sense enjoys a privilege not enjoyed by another, but appointment does not deprive any other citizen of the privilege; on the contrary the appointee is an instrument of the government to protect such other citizens in his rights." *Ferner* v. *State* (1898), 151 Ind. 247, 51 N. E. 360. If, however, it could be said that § 23, *supra*, applies to public offices, the provision cannot be held to embrace the facts in this case, as the law in question applies to all county superintendents throughout the state which, as we have heretofore indicated, is a proper classification for legislation. *Truelove* v. *City of Washington* (1907), 169 Ind. 291, 82 N. E. 530.

It is insisted that this statute amounts to a delegation of legislative authority to administrative officers, name-

ly, township trustees, which cannot be done. Dunn, Auditor v. City of Indianapolis (1935), 208 Ind. 630, 196 N. E. 528, 5 N. E. (2d) 629. With this we cannot agree as the fixing of salaries is not a strictly legislative matter and may be delegated to a department of government other than the legislative. "It must, of course, be admitted that the legislature may with propriety fix the salary which attaches to a public office, but whether a constitution contains an express division of the powers of government, or whether the division is to be implied from the framework of the instrument, we are of the opinion that the fixing of the compensation of a public officer is not so inherently of a legislative character that it may not be delegated. The contention of counsel for appellant involves a misapprehension of the breadth of the grant to the General Assembly of power to enact laws." Arnett v. State ex rel. (1907), 168 Ind. 180, 80 N. E. 153. The office of county superintendent is not a county office, nor is the same in any character local. His is a state office, his powers and duties relate entirely to the administration of the public school system which is a function of the state government. State ex rel. Osborn v. Eddington (1935), 208 Ind. 160, 195 N. E. 92. This being true the general assembly can delegate the power of appointing a county superintendent and make provisions for the fixing of his salary. Stone v. State ex rel. Bossong (1935), 208 Ind. 65, 194 N. E. 642.

Appellant argues that even if the delegation by the legislature of the authority to fix the salary of the appellee was a delegation of administrative power, the same is unlawful, as there is no maximum limit fixed by this statute to the salary which may be voted to the appellee by the township trustees. In other words, there is a delegation of discretionary

duties to the administrative officers without imposing reasonable standards under which such discretion is to be exercised. "It is, of course, true that the General Assembly may not delegate discretionary duties to administrative officers without imposing reasonable standards under which such discretion is to be exercised." *Kryder* v. *State* (1938), 214 Ind. 419, 15 N. E. (2d) 386.

It will be noted that our statutes have provided a limitation upon the township trustees as to whom they can employ as a county superintendent. § 28-701, Burns' 1933 (Supp.). Under this statute to be eligible to hold this office one must have had five years experience as a teacher in the public school and be the holder of a first or second grade superintendent's license. The statute under consideration also provides that his salary may be increased to an amount which in the judgment of the majority of the township trustees may seem proper. It is our opinion that this provision of the statute means the same as if it had said that the trustees should fix a salary which is reasonable and is analogous to legislation regulating public utilities which often provides that rates and charges fixed by administrative boards shall be reasonable. As was said in *Kryder* v. *State, supra,* "Legislation of this character is sustained upon the theory that it is proper for the legislature to delegate to such boards and officers the function to determine what is or what is not reasonable under the particular facts."

The last and most serious contention of the appellants is that the increasing of the salary of the appellee during his term of office was prohibited by § 2, of Art. 15, of the Constitution of Indiana as amended in 1926, which reads as follows:

"When the duration of any office is not provided for by this Constitution, it may be declared by law; and if not so declared, such office shall be held during the pleasure of the authority making the appointment. But the General Assembly shall not create any office, the tenure of which shall be longer than four (4) years, nor shall the term of office or salary of any officer *fixed by this constitution or by law* be increased during the term for which such officer was elected or appointed."

It becomes necessary to determine whether or not the appellees' salary herein was fixed by law.

In construing constitutional provisions, words are to be taken in their general and ordinary sense. *Gaiser v. Buck* (1931), 203 Ind. 9, 179 N. E. 1; *Ellwanger v. State* (1931), 203 Ind. 307, 180 N. E. 287.

All parties to this action agree that if the salary of appellee had been determined by the legislature then the same would be *fixed by law* and could not be increased during his term of office.

It has been held that where a matter has been fixed by a municipal ordinance the same is fixed by law as such ordinances have the force of statutes in the jurisdiction wherein they operate. *Town of Walkerton v. N. Y. C. & St. L. R. R. Co.* (1939), 215 Ind. 206, 18 N. E. (2d) 799.

We call attention to the following cases construing the term "fixed by law" where it appears in statutes or contracts; where a statute authorized the commissioners of public parks to fix and establish the grades of streets where the same have not been heretofore "fixed and established by law," it was held that not only were such grades excepted as had been fixed by legislative enactment, but also those established by order of the common council. *Matter of Petition of Mutual Life Ins.* (1882), 89 N. Y. 530. And again a statute

exempting voluntary firemen from dismissal from their position whose terms are not "fixed by law" does not exempt a fireman whose term is *lawfully* fixed by a resolution of the Board of Councilmen of the City of Bayonne. *McGraff* v. *Bayonne* (1913), 85 N. J. 188, 89 A. 48. It has also been held that an automobile liability policy, which exempts the insurer from liability when the automobile is operated by one under the age limit "fixed by law," includes the age limit fixed by a municipal ordinance. *U. S. Fidelity & Guaranty Co.* v. *Guentner*, 281 U. S. 34, 50 S. Ct. 165, 74 L. Ed. 683.

In examining the constitutions of our sister states relative to the question involved we find that in most instances, where those constitutions have a provision prohibiting the raising of the salary of a public officer during his term of office, these provisions are so dissimilar to that contained in our Constitution that the decisions construing the same afford no aid in the instant case. In the main these various constitutions provide that the salaries of public officers shall not be raised during the term for which they are elected or appointed. Some light is thrown on this question however, by the following decisions.

The Constitution of the State of Utah, at the time of the decision of that state, hereinafter cited, provided for a board of examiners "with power to examine all claims against the state except salaries or compensation of officers fixed by law." In the case of *State ex rel. Davis* v. *Edwards* (1908), 33 Utah 243, 93 P. 720, this particular provision was construed.

A Utah statute provided that judges of the district courts were authorized to enter into contracts with stenographers to act as court reporters and authorized the judges to agree upon the compensation to be paid by the state to such reporters not exceeding a maximum

sum for each sitting of the court; the statute further provided, such reporters should hold employment at the pleasure of the judge or his successor and also that fees for mileage traveled by such reporters in the performance of their duties should be allowed.

Another statute of the state prohibited the state auditor from drawing his warrant for any claim unless it had been approved by the board of examiners except for salaries or compensation of officers *fixed by law*. The relator brought suit to mandate the state auditor to compel him to allow his claim for mileage fees earned by said relator as such court reporter although his claim had not been approved by the board of examiners. After conceding that the relator was a public officer and that mileage fees formed a part of his official compensation the court held that the said claim was not for compensation fixed by law, and in denying the writ of mandate said, "We have not been able to find any case where the compensation was fixed by contract, or where the amount is subject to change at the pleasure of the person authorized to agree upon and fix it, wherein it was held that such compensation is one fixed by law. . . . It is the judge, and not the law, that determines and fixes the amount to be allowed under the particular contract under which the stenographer claims. . . . The authority conferred by the state upon certain officials to enter into contracts with other persons, and to agree upon the compensation to be paid for public services contemplated by the contract, not exceeding a specified sum, as we view it, falls far short of fixing such compensation by law as contemplated by the Constitution."

The Legislature of the State of Kentucky attempted to confer on the court of appeals of that state the right to fix salaries of its clerk's deputies in the face

of a constitutional provision which provided, "No public officer, except the Governor, shall receive more than five thousand dollars per annum as compensation for official services, . . . which *shall be fixed and provided for by law.*" The court in holding this statute unconstitutional said, "The Constitution requiring the compensation to be provided for by law, means that the Legislature, to which belongs the sole power of making laws, shall regulate this compensation, and that branch of the Government has no power to delegate this right to another branch by making the judiciary the agent for fixing salaries or compensation for State officials." *Commonwealth by Attorney General* v. *Addams, Clerk* (1894), 95 Ky. 588, 26 S. W. 581.

It is our opinion, therefore, that the term "fixed by law" in its general and ordinary sense does not include a salary fixed by an administrative board such as that composed of township trustees; and as the appellee's salary at the time that he entered upon his term of office was not the salary fixed for him by the legislature, it was not unlawful for the same to be increased during his term.

Judgment Affirmed.

Note.—Reported in 65 N. E. (2d) 116.