## GAUSSIN v. THE STATE OF INDIANA.

[No. 21,662. Filed October 11, 1910.]

1. INTOXICATING LIQUORS.—*Indictment.*—*Negativing License.*—An indictment charging that defendant "who was then and there not licensed * * * to sell, barter or give away * * * any spirituous, vinous, malt or other intoxicating liquors" did unlawfully operate a place where liquors were sold, shows that defendant was not licensed to sell liquors and, therefore, that he was conducting a place where liquors were sold "in violation of the laws of the state." p. 584.

2. INTOXICATING LIQUORS.—*Indictment.*—*Recitals.* — *License.* — A charge that the defendant "who was then and there not licensed" to sell liquors, is an allegation of fact and not a recital. p. 585.

3. INTOXICATING LIQUORS.— *Evidence.*— *Intent.*— *Aggravation of Crime.*—In a prosecution of defendant who was not licensed to operate a place for the sale of liquors, evidence that he brought a suit to enjoin the closing of his saloon because of an adverse vote at a county local option election, is admissible on the ground that it tends to show defendant's intent, and therefore enables the court to grade the punishment. p. 585.

4. TRIAL.—*Reception of Verdict.*—*Criminal Law.*—*Former Jeopardy.*—Where, in defendant's absence, a verdict was delivered by the jury to the clerk, the jury polled, and the clerk, on discovery of defendant's absence, was directed to return the verdict to the jury and the jury to return to its room, its subsequent return of the same verdict, in defendant's presence, prejudiced none of defendant's rights, and did not constitute a second jeopardy. p. 587.

From Lawrence Circuit Court; *McHenry Owen*, Special Judge.

Prosecution by The State of Indiana against Constant Gaussin. From a judgment of conviction, defendant appeals. *Affirmed.*

*Robert N. Palmer, Fred N. Fletcher* and *Robert L. Mellen*, for appellant.

*James Bingham*, Attorney-General, *John H. Underwood*, prosecuting attorney, *A. G. Cavins*, *W. H. Thompson* and *E. M. White*, for the State.

HADLEY, J.—Appellant was found guilty of violating §8351 Burns 1908, Acts 1907 p. 689, §1. The material part of the statute involved is as follows: "That any person not being licensed under the laws of the State of Indiana who shall sell  *  *  *  any spirituous, vinous, or malt liquors  *  *  *  shall be guilty of a misdemeanor,  *  *  * and any person who shall keep, run or operate a place where intoxicating liquors are sold, bartered or given away in violation of the laws of the State,  *  *  *  shall be deemed guilty of a misdemeanor  *  *  *  and fined."

The indictment, which is based on the latter clause of the statute, and which is assailed by a motion to quash, omitting formal parts, is as follows: "That Constant Gaussin, late of said county, on December 1, 1909, at said county and state aforesaid, who was then and there not licensed under the laws of the State of Indiana to sell, barter or give away, directly or indirectly, any spirituous, vinous, malt or other intoxicating liquors in a less quantity than five gallons at a time, did then and there unlawfully keep, run and operate a place, to wit, a certain room in a two-story building on the south side of the public square in the city of Bedford, where intoxicating liquors, to wit, spirituous, vinous and malt liquors were sold, bartered and given away; he, said Constant Gaussin, was not then and there a wholesale dealer of such intoxicating liquors, engaged as such, nor was he then and there a druggist or pharmacist licensed by the State Board of Pharmacy."

The points made against the sufficiency of the charge are:

(1) That since the indictment is predicated on the

1.  keeping, running or operating of a place where liquors are sold in violation of the law, it "fails to allege by proper averment that appellant did not have a license so to do."

In support of this point it is insisted that the allegation as to license modifies, or qualifies, the person of appellant, and is not descriptive of the wrongful act sought to be charged. This character of averment, when considered with the other allegations, shows that defendant kept a place where liquors were sold "in violation of the laws of the State." If appellant was not licensed by the State to sell liquors—that is, invested with the right to do it—any sale made would have been "in violation of the laws of the State."

It is further insisted that the allegation as to want of license is a recital and not a statement of fact. The language is: "Who was then and there not licensed under the laws of the State of Indiana to sell, barter or give away," etc. This is a declaration of fact, and not a recital. The course pursued by the prosecuting attorney in affirming the disqualification of defendant to keep the questionable place, rather than negativing his qualification to do so, as is usually done, makes the indictment appear rather clumsy; but we think it is sufficient.

Defendant was, and had been for a considerable time, the keeper of a saloon in the city of Bedford. On October 5, 1908, his license was renewed for one year from that date. About two months afterwards, to wit, December 29, 1908, a local option election, under the provisions of the act approved September 26, 1908 (Acts 1908 [s. s.] p. 4), was held in Lawrence county, which resulted in favor of prohibiting the sale of intoxicating liquors as a beverage within the county.

Defendant did not surrender his license under the provisions of the local option law, but, relying thereon, at the May term, 1909, of the circuit court, he began and successfully prosecuted a suit against the prosecuting attorney, sheriff and chief of police for an injunction against the enforcement of the liquor laws against him. Upon the trial of this cause the court permitted the prosecuting attorney,

over defendant's objection, to read in evidence the record of the injunction proceeding, which action of the court is complained of as erroneous. It will be noticed that defendant is charged in the indictment with keeping and running the illicit place on December 2, 1909, two months after the expiration of the term for which his license was issued, and eleven months after the local option law had taken effect. The objection made to the evidence is that its only effect was to tend to prove an evil intent or purpose in "keeping, running and operating a place where intoxicating liquors are sold in violation of the laws of the State," or, in other words, an evil intent in keeping a saloon in defiance of law.

The argument is that since intent or purpose is not of the essence of the offense, or even material in this class of cases, the evidence should not have been admitted, as it could effect no useful purpose for the State, and was manifestly prejudicial to defendant. If for no other reason, we think it was competent for the State to show any fact which tended to illustrate the character of the offense charged—that is, whether it was the result of misapprehension, wilfulness, or of extenuation or aggravation. The punishment fixed by the statute is not less than $50 nor more than $500, and imprisonment in the county jail not less than one nor more than six months. From the extended latitude in punishment, it is obvious that the lawmakers intended that the amount inflicted should not be arbitrarily assessed, but determined by the degree or magnitude of the offense proved within the limitations of the statute. If the injunction proceeding was instituted in good faith to test the validity of the local option law, which purported to overthrow defendant's license, the offense of running his saloon during the term for which his license was granted, with the *quasi* approval of the circuit court, would not have merited the same degree of punishment warranted by knowingly and wilfully keeping and operating the place two

months after his license and all semblance of authority had ceased.

The record discloses that when the jury returned its verdict, defendant was not present in court. His attorney was there, as was also the prosecuting attorney. The verdict was handed to the clerk, read in open court, the jury duly polled by the court, and each juror answered that the verdict as read was his verdict. The absence of defendant being noted, the prosecuting attorney objected to the receiving of the verdict, whereupon the court requested the clerk to hand the verdict back to the jury, which being done, the jury was directed to retire to its room therewith. Defendant was at once brought into court, and thereupon the jury was again brought in and presented to the court, as its verdict, the same document, or verdict, as before, which was received by the court as the verdict in the case, and the jury was then discharged. To the receipt of such verdict defendant objected, and moved that the court discharge him from custody, for irregularities in the presentation and receipt of the verdict as stated, which is claimed to constitute a second jeopardy. The motion was overruled.

There is no pretense but that the verdict read and received in the presence of defendant was the identical finding and verdict of the jury as presented in the first instance, and it is not conceivable how defendant could have been injured by its being first read in his absence. We are also unable to see that any element of former jeopardy was involved in the proceedings complained of, or any loss of power by the jury to deliver its verdict to the court in a legal manner. There was but one receipt of the verdict by the court. Its order to the jury to return to its room with the paper first presented, was a refusal by the court, for a sufficient reason, to receive the verdict at that time.

There was no error in overruling appellant's motion.

*Pehlman* v. *State* (1888), 115 Ind. 131; *Welsh* v. *State* (1890), 126 Ind. 71, 79, 9 L. R. A. 664.

Judgment affirmed.