FRANCINA A. BIBBER *vs.* HENRY SIMPSON and others, administrators.

*Medical services—what are.*

The professional services of a medical clairvoyant are " medical services " within the meaning of R. S. c. 13, § 3.

ON EXCEPTIONS to the ruling of *Goddard,* J., of the superior court for the county of Cumberland.

ASSUMPSIT on account annexed, for $51 for services rendered the defendants' intestate, at his special request, by the plaintiff as a clairvoyant.

It appeared from the plaintiff's testimony that she professed to be a clairvoyant; that when asked to examine the patient she saw the disease, and felt as the patient did; that sittings or seances were of different durations, from one-quarter to one-half of an hour each; that she did not pretend to understand medicine or anatomy; that she was requested by the intestate to visit him and render him professional services, and did so as by the account; that she helped him, but he died from taking cold; acquainted him with the prices, and he agreed to pay them, but never did.

The presiding judge ordered a nonsuit, and the plaintiff alleged exceptions.

*Bradbury & Bradbury*, for the plaintiff.

*E. Eastman*, for the defendants.

APPLETON, C. J.　The services rendered were medical in their character.　True, the plaintiff does not call herself a physician, but she visits her sick patients, examines their condition, determines the nature of the disease, and prescribes the remedies deemed by her most appropriate.　Whether the plaintiff calls herself a medical clairvoyant, or a clairvoyant physician, or a clear-seeing physician, matters little; assuredly, such services as the plaintiff claims to have rendered, purport to be and are to be deemed medical, and are within the clear and obvious meaning of R. S. 1871, c. 13, § 3, which provides that "no person, except a physician or surgeon, who commenced prior to Feb. 16, 1831, or has received a medical degree at a public medical institution in the United States, or a license from the Maine Medical Association, shall recover any compensation for medical or surgical services, unless previous to such services he had obtained a certificate of good moral character from the municipal officers of the town where he then resided."　The plaintiff has not brought herself within the provisions of this section, and cannot maintain this action.

*Nonsuit confirmed.*

KENT, WALTON, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.