## O'Brien *v.* Louer et al.

[No. 19,208. Filed November 26, 1901. Rehearing denied March 14, 1902.]

Municipal Corporations.—*Alteration of Building Within Fire Limits.* —*Injunction.*—In a suit by a property owner to enjoin another from making certain changes in a frame building on the grounds that the proposed alterations were about to be made in contravention of an ordinance defining the fire limits, and prescribing the character of buildings permissible therein, and of another ordinance

requiring a permit from the city, the facts showed that the building was constructed before the ordinance was adopted; the ordinance forbade, within the fire limits, the erection of frame buildings, the restoration of frame buildings that had been damaged to the amount of fifty per cent., and the repair of any building with materials or in a manner that would make it more susceptible to fire; that defendant's building had not been damaged and that the materials and the plans to be used in the proposed alterations would not increase the hazard from fire; that defendant applied to the city clerk, but he refused to issue a permit because the council had directed him to do so. *Held,* that plaintiff was not entitled to an injunction.

From Madison Circuit Court; *J. F. McClure,* Judge.

Action by Patrick O'Brien against Adolph Louer and others to enjoin defendants from making certain changes in a frame building situated within the fire limits of the city of Elwood. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*C. M. Greenlee, B. R. Call, W. S. Diven* and *L. W. Mellette,* for appellant.

*T. Bagot, A. Ellison* and *C. K. Bagot,* for appellees.

BAKER, J.—Appellant unsuccessfully sought to enjoin appellees from making certain changes in a frame building in Elwood. The grounds of complaint were that the intended alterations were about to be made in contravention of two ordinances,—one defining the fire limits and prescribing the character of buildings permissible therein; the other requiring the city's permit for erecting, altering, or repairing any building,—and that appellees' building, as proposed to be altered, would constitute a nuisance. With respect to each ground, appellant alleged that he would sustain damages special to himself, and different from those of the general public, by reason of his owning an adjoining building. Appellant assigns that the court erred in its conclusions of law on the facts specially found, and in overruling motions for a *venire de novo* and for a new trial.

The finding shows that appellees' building was erected before any ordinance respecting fire limits was adopted.

O'Brien *v.* Louer.

It was frame, two stories high, thirty-eight feet wide, fifty-five feet long, located at the corner of two streets. The first story was divided into rooms used for stores; the second, for offices. Shortly before this suit was begun the owner leased the entire first story for use as a clothing store. The proposed alterations were intended to fit the first story for that purpose. The front, which was composed of straight glass store-fronts, was to be altered so that the middle third of the frontage would be set in the form of an alcove or vestibule entrance. The side, which was made up of doors, windows, and frame siding, was to be changed to solidly framed plate glass for the greater part of its length. Inside frame partitions were to be removed. In other respects, outside of ordinary repairs, papering, and painting, the building was to be left unchanged. At the time of the proposed alterations, the building was within the fire limits. This ordinance forbade, within the fire limits, the erection of frame buildings, the restoration of frame buildings that had been damaged to the amount of fifty per cent., and the repair of any building with materials or in a manner that would make it more susceptible to fire. Appellees' building had not been damaged. The materials and the plans to be used in the proposed alterations would not increase the hazard from fire. The ordinance requiring permits was in force. Appellees applied to the city clerk, but he refused to issue a permit because the common council had directed him to do so. By the making of the intended alterations, appellant would in no wise be damaged. On these facts, the court concluded that appellant was not entitled to an injunction.

It is clear that appellees were not threatening to do anything in violation of the fire limits ordinance; but, if they were, appellant, not being damaged, would have no standing simply to vindicate the ordinance. *First Nat. Bank* v. *Sarlls,* 129 Ind. 201, 13 L. R. A. 481, 28 Am. St. 185.

Appellees failed to procure a permit. But, under the facts found, this was a question purely between the city and

appellees.    Appellant was not concerned,—first, because no legal ground is disclosed for refusing the permit; and, further, because appellant sustained no special damages.

The finding wholly fails to support the charge of nuisance.    The conclusions of law were right.

There was no uncertainty nor ambiguity in the finding. It warranted and required the conclusions of law and the judgment rendered.    The motion for a *venire de novo* was properly overruled.

The evidence amply sustains the finding.    The court allowed appellant the utmost latitude in the introduction of evidence.    Appellant complains of the court's refusal to hear evidence and make a finding on the effect of the existence of appellees' building upon the value of appellant's property.    He apparently entertained the mistaken idea that he could force appellees, because their building is now within the fire limits, to let it go to rack and ruin.    The ordinance in question is not susceptible of such a construction, and therefore it is unnecessary to decide appellees' contention that the ordinance, so construed, would be unconstitutional.

Some questions on the admission and exclusion of evidence are stated, without argument.    They do not touch the essential and controlling elements in the case.    There was no error in overruling the motion for a new trial.

Judgment affirmed.