## WITTY v. THE STATE OF INDIANA.

### [No. 21,480.   Filed January 27, 1910.]

1. **INDICTMENT AND INFORMATION.**—*Practicing Medicine Without a License.*—An affidavit charging that defendant at a certain time and place "did then and there unlawfully engage in the practice of medicine, he, the said [defendant], not then and there having a license to practice medicine under the laws of the State of Indiana," is sufficient (§8409 Burns 1908, Acts 1901, p. 475, §3). p. 405.

2. **INDICTMENT AND INFORMATION.**—*Negativing Exceptions in Statute.—Practicing Medicine Without a License.*—An affidavit charging defendant with practicing medicine without a license need not negative the exceptions set out in a proviso to the statute which defines the practice of medicine (§8409 Burns 1908, Acts 1901, p. 475, §3), such exceptions constituting defenses. p. 407.

3. **CRIMINAL LAW.**—*Practicing Medicine Without a License.—Evidence.*—A person having no license to practice medicine, who advertises himself as a regular graduate of an institute of suggestive therapeutics, and as a specialist in all chronic diseases, mentioning a long list of diseases which readily succumb to his treatment, and whose treatment consists of rubbing the spine and the parts afflicted, charging two dollars and upwards per treatment, is guilty of practicing medicine without a license. p. 407.

4. **WORDS AND PHRASES.**—*"Doctor."*—A "doctor" is one who practices medicine. p. 410.

From Knox Circuit Court; *Orlando H. Cobb*, Judge.

Prosecution by The State of Indiana against Colonel E. Witty. From a judgment of conviction, defendant appeals. *Affirmed.*

*James S. Pritchett, W. A. Cullop* and *George W. Shaw,* for appellant.

*James Bingham,* Attorney-General, *Frank Culbertson,* Prosecuting Attorney, *A. G. Cavins, William H. Thompson, E. M. White, Frank E. Gavin, James L. Gavin* and *Paul G. Davis,* for the State.

JORDAN, J.—Appellant, a resident of Knox county, Indiana, was charged by affidavit with practicing medicine without a license, in violation of a statute of this State. The prosecution was commenced in the city court of Vincennes,

and upon a trial the accused was found guilty and a fine assessed against him. From the judgment of conviction he appealed to the Knox Circuit Court. In the latter court he unsuccessfully moved to quash the affidavit. There was a trial by jury upon the issues joined, a verdict returned finding him guilty as charged, and a fine of $25 was assessed.

Over appellant's motion for a new trial, assigning the statutory ground and also newly discovered evidence, judgment was rendered on the verdict. He appeals, and the alleged errors upon which he relies for reversal are: (1) Overruling of motion to quash the affidavit; (2) denying the motion for a new trial.

The affidavit upon which the appellant was convicted charges "that on October 14, 1908, in the County of Knox and State of Indiana, Colonel E. Witty did then and 1. there unlawfully engage in the practice of medicine, he, the said Colonel E. Witty, not then and there having a license to practice medicine under the laws of the State of Indiana." Section 8400 Burns 1908, Acts 1897, p. 255, §1, declares it to be "unlawful for any person to practice medicine, surgery or obstetrics in this State without first obtaining a license so to do, as hereinafter provided." Section 8410 Burns 1908, Acts 1897, p. 255, §9, declares that "any person who shall practice medicine, surgery or obstetrics in this State without having a license duly issued as hereinbefore provided, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined not less than twenty-five dollars ($25) nor more than two hundred dollars ($200)." Section 8409 Burns 1908, Acts 1901, p. 475, §3, declares what shall be regarded as engaging in the practice of medicine within the meaning of the provisions of the statute requiring a license to practice medicine, namely: "To open an office for such purpose or to announce to the public in any way, a readiness to practice medicine in any county of the State or to prescribe for,

or to give surgical assistance to, or to heal, cure or relieve, or to attempt to heal, cure or relieve those suffering from injury or deformity, or disease of mind or body, or to advertise, or to announce to the public in any manner a readiness or ability to heal, cure or relieve those who may be suffering from injury or deformity, or disease of mind or body, shall be to engage in the practice of medicine within the meaning of this act: Provided, that nothing in this act shall be construed to apply to or limit in any manner the manufacture, advertisement or sale of proprietary medicines. It shall also be regarded as practicing medicine within the meaning of this act, if any one shall use in connection with his or her name the words or letters, 'Dr.,' 'Doctor,' 'Professor,' 'M. D.', or 'Healer,' or any other title, word, letter or designation intending to imply or designate him or her as a practitioner of medicine or surgery in any of its branches: Provided, that this act shall not be construed to apply to non-itinerant opticians who are at this time engaged in, or who may hereafter engage in the practice of optometry in this State, nor to professional or other nurses. In charging any person in an affidavit, information or indictment with a violation of this law by practicing medicine, surgery or obstetrics without a license, it shall be sufficient to charge that he did, upon a certain day and in a certain county, engage in the practice of medicine, he not having any license to so do, without averring any further or more particular facts concerning the same.''

It will be noted that this section declares what shall be regarded as sufficient in a pleading on the part of the State in a prosecution charging a person with a violation of the statute in question. Or, in other words, the legislature has declared that it shall be sufficient to charge that the accused person did upon a certain day in a certain county engage in the practice of medicine, he not having a license to do so, without averring any further or particular facts concerning the same.

The particular objection urged against the affidavit by counsel for appellant is that it does not negative certain provisions found in §8409, *supra*, which declare that the act is not applicable to the sale of proprietary medicines or to non-itinerant opticians, or to nurses, professional or otherwise. This objection cannot be sustained. These provisions in question are not found in that part of the statute defining the crime. They are in the nature of a defense, and need not be negatived by the State in its pleading; but in order to render them available to the accused person he must interpose them as defenses upon the trial of the cause. *Ferner* v. *State* (1898), 151 Ind. 247; *State* v. *Bridgewater* (1908), 171 Ind. 1.

The affidavit in question fully complies with the requirement of §8409, *supra*, and therefore must be held sufficient. The sufficiency of an affidavit similar to the one here involved was sustained by this court under this same provision of the statute in *Melville* v. *State* (1909), *ante*, 352. See, also, *Parks* v. *State* (1902), 159 Ind. 211, 59 L. R. A. 190, and cases cited. There was no error in overruling the motion to quash the affidavit.

The evidence in the case discloses that appellant had an advertisement inserted in the Vincennes Commercial, a newspaper of general circulation published in the city of Vincennes, Knox county, Indiana. This advertisement was published for about a month and was as follows:

"C. E. WITTY, D. S. T.
Specialist in Chronic Diseases.
Is now located in our city.

| Picture of Dr. C. E. Witty. | EVERY KNOWN DISEASE CURED WITHOUT MEDICINE OR SURGERY. |

Dr. Witty is a regular graduate from the Weltmer

Institute of Suggestive Therapeutics of Nevada, Missouri, and successfully treats all forms of Chronic Diseases.

These are a few of the many diseases that yield readily to his drugless treatment: Insomnia, Neuralgia, Chronic Headache, Stomach or Kidney Trouble, Rheumatism, Constipation and all Female Complaints; Goitre, Paralysis, Heart Trouble, Deafness, Sore Eyes, Eczema, Cancer, and Consumption in its first stage; Hernia, Hysteria, Locomotor Ataxia, Sexual Weakness, Asthma, Bronchitis, Hay Fever, Diarrhoea, Dysentery and Nervousness.

Dr. Witty comes highly recommended, and he invites all sufferers to call and see him at 17 SOUTH THIRD STREET.

---

Office Hours—1:30 to 5 p. m.
Consultation and Examination Free.''

A Mr. Baldwin, a witness for the State, testified at the trial that the appellant had treated him for rheumatism or lumbago. He testified that appellant claimed to belong to the school of Suggestive Therapeutics, and did not give medicine or claim to be a practicing physician; that he treated him only by rubbing his spine, groin and back, and did not give him any medicine. The treatment was with the hands, and each treatment lasted from twenty to thirty minutes. He visited the office of the appellant, where there was a sign reading: ''Dr. C. E. Witty.'' This witness stated that he paid a certain fee for the treatment. He testified that the doctor told him that the mind had a great deal to do with the control of the body, and that it was beneficial to a patient to get that idea into his mind. He gave this patient no medicine, performed no operation, but just rubbed him with his hands and gave him mental suggestion. The witness admitted that he was greatly improved by the treatment, and believed that he was well. Another witness said that he called on Doctor Witty at his office in the city of Vincennes, Knox county, Indiana, and told him that he was afflicted with constipation. The doctor gave

him one treatment for ten or fifteen minutes, by rubbing him up and down the back and upon the stomach, after removing his clothing. He paid the doctor $2 for the treatment. Another witness testified that his son had the earache, and at times he thought he was afflicted with appendicitis; that he telephoned to the office of the defendant in the city of Vincennes for him to come to his house; that he came and treated his boy by rubbing his spine, stomach and sides for fifteen or twenty minutes. He stated that the doctor had been recommended to him and his wife as a "healer." He stopped the earache by rubbing the ear, but did not give any anæsthetic. Another witness testified that at times he was dizzy and could not walk without a cane; that appellant treated him, but gave no medicine. All he did was to rub him on the spine and neck once a day for fifteen or twenty minutes. Several other witnesses testified that they had been treated by the appellant, some for one disease and some for other diseases. It appears that appellant's treatment was drugless. His office was located in the city of Vincennes, Knox county, Indiana, and all the treatments referred to by the several witnesses upon the trial were in the city of Vincennes, in said county and State. The clerk of the Knox Circuit Court testified that the appellant never procured a license from him to practice medicine in Knox county, Indiana, and that there was no record of any such license.

It will be observed that the evidence establishes that appellant advertised to the public by a sign in his office and by publication in the Vincennes Commercial, that he was a doctor, and was competent to treat successfully all forms of chronic diseases. He notified all persons, through the public press, that he was not only a "doctor," but that as such he was a specialist in the treatment of chronic diseases. He further advised them that he was capable of curing, without medicine or surgery, the many diseases mentioned in his advertisement, and that there were but few of the many

diseases which did not yield to his drugless treatment. The mere fact that in his practice he did not use drugs in any form whatever as a medicine to cure or heal the many diseases which he professed to treat successfully, did not place him, in the eyes of the statute, in the position of one not engaged in the practice of medicine.

The term "doctor," as defined by the lexicographers, means, in one respect, a person who practices medicine. Consequently, when appellant held himself out to the 4.    public and advised them that he was a "doctor," located in the city of Vincennes, and that he had certain office hours, he gave all persons to understand that he was at least engaged in the practice of healing suffering humanity of diseases by some means adapted to that purpose, notwithstanding the fact that he disclaimed the use of medicine of the character of drugs in his treatment of the diseases mentioned. He did not profess in his advertisement to be but a mere masseur engaged in giving massage treatment to all persons who might desire such, or who had been advised by their physician to take such treatment. He undertook to show by his advertisement that he was learned in his profession and competent to diagnose diseases and prescribe the treatment necessary for a cure. His counsel insist that while it is true that he is shown to have had an office, that he advertised and held himself out as a doctor, "and was ready to and did administer to the wants of the sick, he did so exclusively by mental suggestion and by manual rubbing, and did not pretend to practice medicine in any shape or form." The mere fact that appellant did not administer to his patients drugs in any form or manner, but confined his treatment to rubbing their afflicted parts, cannot be held to exempt him from the provisions of the statute. If he, under the facts in this case, could be held as not coming within the provisions of the statute, then any person unlicensed to practice medicine might hold himself

out to the public as a doctor and treat all classes of diseases without administration of drugs and not offend against the statute in question. Such a construction of the law would be inconsistent with its letter and spirit. The very purpose of the statute in question is to protect the sick and suffering and the public at large against the ignorant and unlearned, by prohibiting, them from holding themselves out to the world as doctors or physicians without having acquired any knowledge whatever of the human system, or the disease and ailments with which it may be afflicted.

In the appeal of the *People* v. *Gordon* (1902), 194 Ill. 560, 62 N. E. 858, 88 Am. St. 165, a statute similar to the one here in question was involved. The accused in that case had advertised that he was a "magnetic healer" and that he gave treatment, after a diagnosis of the disease, by rubbing or kneading the body for the purpose of freeing the nerve force. The supreme court of Illinois in that case, in the course of its opinion by Chief Justice Wilkin, said: "Without some knowledge of the location and offices of the various nerves, muscles and joints, the manipulation of those parts and the flexing of the limbs cannot be intelligently, if, indeed, safely, practiced. Merely giving massage treatment or bathing a patient is very different from advertising one's business or calling to be that of a doctor or physician, and, as such, administering osteopathic treatment. The one properly falls within the profession of a trained nurse, while the other does not."

The case at bar, under the facts, falls fully within the decision in the case of *Parks* v. *State, supra.* The defendant in this latter case held himself out as a "magnetic healer," advertised as such, and styled himself "Professor." He was not a graduate of any school of medicine, and no license had been granted to him for the practice of medicine. He treated one of his patients for a lame ankle, which he diagnosed as rheumatism. The treatment consisted of holding

the afflicted parts and rubbing them, for which he received from the patient a money consideration. It was held in that case that the defendant was guilty of practicing medicine without a license, in violation of the same statute here involved. In this latter case it appears that all the accused did was to rub the afflicted parts of his patients, substantially in like manner as did the appellant in the case at bar. Under the facts in that appeal, we sustained the conviction of the appellant for practicing medicine without a license.

In *Bragg* v. *State* (1901), 134 Ala. 165, 32 South. 767, 58 L. R. A. 925, the contention of the accused was that in the practice of osteopathy, in which he had been engaged, no drugs or other medicinal substances were administered or applied internally or externally, nor was any form of surgery resorted to in the treating of diseases, and therefore it was claimed that he did not come within the provisions of the statute. The court, however, in that appeal held that the term "medicine," as used in the statute pertaining to the regulation of the practice of medicine, had a technical meaning, and as a science the practitioners of it were not simply those persons who prescribed drugs or other medicinal substances as remedial agents, but it also included persons who practiced osteopathy, which as a science it was said included the diagnosis of a disease and the treatment thereof by a system of manipulation of the limbs and body of the patient by kneading, rubbing or pressing upon the different parts of the body. It was held that the accused was properly convicted. The following authorities fully sustain the conviction of appellant in the case at bar: *Parks* v. *State, supra; Dent* v. *West Virginia* (1889), 129 U. S. 114, 9 Sup. Ct. 231, 32 L. Ed. 623, *Little* v. *State* (1900), 60 Neb. 749, 84 N. W. 248, 51 L. R. A. 717; *State* v. *Gravett* (1901), 65 Ohio St. 289, 62 N. E. 325, 55 L. R. A. 791; *Bragg* v. *State, supra; People* v. *Gordon, supra; Matter of Bandel* v. *Department of Health, etc.* (1908), 193 N. Y. 133, 85 N. E. 1067, 21 L. R. A. (N. S.) 49.

There is no error in the record. The appellant, under the facts, was properly convicted, and the judgment is therefore affirmed.