## Hazlitt v. The State of Indiana.

[No. 21,687. Filed January 25, 1911.]

1. Appeal.—*Briefs.—Record.*—Where appellant's brief fails to set out the record showing the alleged erroneous rulings, no question is presented on appeal. p. 126.

2. Physicians and Surgeons.—*License.—Practicing without.—Right Result.*—One practicing medicine without a license is punishable therefor; and where a right result is reached by the trial court, the judgment will be affirmed. p. 126.

From Wayne Circuit Court; *Henry C. Fox,* Judge.

Prosecution by The State of Indiana against Lida Hazlitt. From a judgment of conviction, defendant appeals. *Affirmed.*

*Robbins & Robbins* and *William A. Bond,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White, W. H. Thompson, Charles L. Ladd, Ray K. Shively* and *Gavin, Gavin & Davis,* for the State.

Myers, C. J.—Appellant was charged with practicing medicine without a license, tried by a jury, and convicted under §8410 Burns 1908, Acts 1897 p. 255, §9. The errors assigned are in overruling her motion to quash the affidavit and in overruling her motion for a new trial. No question is here presented as to the affidavit.

No part of the evidence is set out in the briefs in any

form, and no instruction is set out.  The most that is done is to set out an excerpt from one of the instructions, thus leaving the court to search for alleged error. Under rule twenty-two we would be required to affirm the judgment without further comment.  *Radley* v. *State* (1910), 174 Ind. 645.

We have, however, in view of the character of this case, examined the evidence and the instructions.  The evidence makes a case similar to that of *Witty* v. *State* (1910), 173 Ind. 404, 25 L. R. A. (N. S.) 1297, with the exception of a lack of advertising here, and to that presented in *Parks* v. *State* (1902), 159 Ind. 211, 59 L. R. A. 190.  The instructions are quite as favorable to appellant as she could ask, and there was no prejudice to the substantial rights of the appellant.  See §8409 Burns 1908, Acts 1901 p. 475, §3; *Witty* v. *State, supra,* and cases cited; *Groff* v. *State* (1909), 171 Ind. 547; *State, ex rel.,* v. *Webster* (1898), 150 Ind. 607, 41 L. R. A. 212; *Benham* v. *State* (1888), 116 Ind. 112; *State* v. *Buswell* (1894), 40 Neb. 158, 58 N. W. 728, 24 L. R. A. 68; *O'Neil* v. *State* (1905), 115 Tenn. 427, 90 S. W. 627, 3 L. R. A. (N. S.) 762; *In re First Church of Christ, Scientist* (1903), 205 Pa. St. 543, 55 Atl. 536, 63 L. R. A. 411, 97 Am. St. 753; *Dent* v. *West Virginia* (1889), 129 U. S. 114, 9 Sup. Ct. 231, 32 L. Ed. 623; *State* v. *Marble* (1905), 72 Ohio St. 21, 73 N. E. 1063, 70 L. R. A. 835, 106 Am. St. 570; *Bibber* v. *Simpson* (1871), 59 Me. 181; *Territory* v. *Newman* (1905), 13 N. M. 98, 79 Pac. 706, 68 L. R. A. 783.

The judgment is affirmed.