State v. Paris—179 Ind. 446.

---

## STATE OF INDIANA v. PARIS.

[No. 22,251.   Filed April 18, 1913.]

1. STATUTES.—*Subjects and Title.—Sufficiency.—Corrupt Practices Act.*—The criminal features of the Corrupt Practices Act (Acts 1911 p. 288), which is entitled "An act concerning corrupt practices at elections, caucuses and primaries, and the collection and disbursement of campaign funds", are sufficiently covered by such title, within the requirements of Art. 4, §19, of the Constitution that the subject of every act must be expressed in the title. p. 450.

2. STATUTES.—*Subjects and Title.—Sufficiency.—Constitutional Provisions.*—Under Art. 4, §19, of the Constitution requiring the subject of every act to be expressed in the title, a detailed statement of the subject of legislation is not required, but the title of an act will be sufficient if it expresses the general subject of the act, and if all the provisions embraced in the act are fairly and naturally germane to the subject so expressed. p. 451.

3. ELECTIONS.—*Corrupt Practices.—Indictment.—Sufficiency.*—An indictment charging defendant with the violation of the Corrupt Practices Act (Acts 1911 p. 288) at a primary election, alleging that such election had been theretofore regularly called by the authorized representatives of the party for the purpose of nominating candidates, was sufficient without setting out each step taken by the authorities. p. 451.

4. EVIDENCE.—*Judicial Notice.—Statutes.*—The court takes judicial notice of the statutes of the State. p. 451.

5. ELECTIONS.—*Corrupt Practices.—Indictment.—Averments.—Sufficiency.*—In an indictment for violating the Corrupt Practices Act (Acts 1911 p. 288) at a primary election held by a certain political party, the averments that such election had theretofore been regularly called by the authorized representatives of said party for the purpose of nominating candidates, etc., is not a recital, but a direct averment. p. 451.

6. ELECTIONS.—*Corrupt Practices.—Indictment.—Sufficiency.—Judicial Notice.*—An indictment charging a violation of the Corrupt Practices Act (Acts 1911 p. 288) at a Democratic primary election, is sufficient without averring facts showing that such party was entitled to hold a primary election, since the court judicially knows what parties cast sufficient votes at the last preceding general election to be entitled to hold a primary. p. 452.

7. ELECTIONS.—*Primary Elections.—Judicial Notice.*—The court knows judicially that the general elections are preceded by primary elections, at which candidates to be voted for at such general elections are selected by the respective parties. p. 452.

8. INDICTMENTS.—*Affidavits.—Allegations.*—No presumption of law, or matter of which the court takes judicial notice, need be set out in an indictment or affidavit. p. 452.

9. WORDS AND PHRASES.—*"Elections".—"Primary Elections".*—The words "primary election" mean the act of choosing candidates by respective political parties to fill the various offices, as the word "election" means the final choice of electors to fill such offices. p. 452.

10. ELECTIONS.—*Corrupt Practices.—Indictment.—Sufficiency.*—An indictment for violating the Corrupt Practices Act (Acts 1911 p. 288) charging that defendant, a candidate at a primary election, unlawfully employed another to work for his nomination.

was not insufficient for failure to define the kind of work required of the employe. p. 452.

11. INDICTMENTS.—*Requisites.*—*Negativing Exceptions.*—An indictment need negative only those exceptions of the statute which are closely connected with the enacting clause, or in the same clause that creates the offense; other exceptions being merely matters of defense. p. 453.

12. ELECTIONS.— *Corrupt Practices.*— *Indictments.*— *Sufficiency.*— An indictment for violation of the Corrupt Practices Act (Acts 1911 p. 288) at a primary election, is sufficient without alleging the particular election to which the primary was preliminary. p. 453.

From Floyd Circuit Court; *Harry C. Montgomery,* Special Judge.

Prosecution by the State of Indiana against John M. Paris. From a judgment quashing the indictment the State appeals. *Reversed.*

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin M. Corr, James E. McCullough,* and *Walter V. Bulleit,* for the State.

*Stotsenburg & Weathers* and *C. D. Kelso,* for appellant.

ERWIN, J.—This was a prosecution by the State of Indiana against John M. Paris, on an indictment returned by the Grand Jury of Floyd County, at the March term, 1912, of the Floyd Circuit Court, which said indictment is in two counts. Each count of the indictment was based upon a portion of §11 of the "Corrupt Practices Act" of 1911 (Acts 1911 p. 288), wherein it is provided that "The following persons shall be guilty of corrupt practices and shall be punished in accordance with the provisions of this act: Every person who shall, directly or indirectly, by himself or by another, give, or offer or promise to any person any money, gift, advantage, preferment, entertainment, aid, emoluments, or any valuable thing whatever, for the purpose of inducing or procuring any person to vote, or refrain from voting, for or against any person, or for or against any measure or proposition at any election or primary election or

political convention or session of the general assembly of the State of Indiana, or either house thereof''.

The indictment omitting formal parts reads as follows: ''First Count: The grand jury of Floyd County, in the State of Indiana, good and lawful men, duly and legally empaneled, charged and sworn, at the March term of the Floyd Circuit Court for the year A.D. 1912, to inquire into felonies and certain misdemeanors in and for the body of said county of Floyd, in the name and by the authority of the State of Indiana on their oaths present that at the county of Floyd and State of Indiana, on the first day of March, 1912, one John M. Paris, who was then and there a candidate for nomination to a certain office of trust and profit under the Constitution of the State of Indiana, to wit: the office of prosecuting attorney in and for the Fifty-second Judicial Circuit of said State, at a certain primary election which was then and there held by a certain political party, known as the Democratic party, and which said primary election had been theretofore regularly called by the authorized representatives of said party for the purpose of nominating a candidate for said office and other offices, did then and there unlawfully and wrongfully hire and employ one Andrew Buckingham for the consideration of two dollars, which was paid by him, the said John M. Paris, to him, the said Andrew Buckingham, to work for the nomination of him, the said John M. Paris, to the said office of prosecuting attorney, in and for the said fifty-second Judicial Circuit of the State of Indiana, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana. Second Count: And the grand jurors aforesaid upon their oaths aforesaid do further present that at the county of Floyd in the State of Indiana, on the first day of March, 1912, one John M. Paris, who was then and there a candidate for the nomination to a certain office of trust and profit under the Constitution of the State

of Indiana, to wit: the office of prosecuting attorney in and for the fifty-second Judicial Circuit of said State, at a certain primary election which was then and there held by a certain political party, known as the Democratic party, and which said primary election had been theretofore regularly called by the authorized representatives of said party, for the purpose of nominating a candidate for said office and other offices, did then and there unlawfully and wrongfully give to one Andrew Buckingham two dollars for the purpose of inducing and procuring divers persons, to the grand jury unknown, to vote for him, the said John M. Paris, for the nomination to said office of prosecuting attorney in and for the Fifty-second Judicial Circuit of the State of Indiana at said primary election, called and held as aforesaid, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana.''

It is contended that the ''Corrupt Practices Act'' of 1911 is unconstitutional so far as it applies to the offenses here charged, for the reason that the title is not sufficiently broad to cover the criminal features of the act.

1. The title of said act is as follows: ''An Act concerning corrupt practices at elections, caucuses and primaries, and the collection and disbursement of campaign funds.'' The authorities cited by appellee do not support his proposition. In fact the case of *State* v. *Young* (1874), 47 Ind. 150, cited by him weakens his contention. In that case a title of an act reading, ''An act to regulate the sale of intoxicating liquors, to provide against the evils resulting from the sale thereof,'' etc., was held not to cover a provision of the act whereby it was made unlawful for any person to become intoxicated. The court suggests that a correct title for an act embracing such provision would be ''An act concerning intoxicating liquors.'' A comparison of the portion of the ''Corrupt Practices Act'' applicable to this case and its title with the act under consideration in the above case and the

title suggested as correct by the court, shows a complete analogy.

It has been repeatedly held by this court that under §19 of article 4 of the Constitution of Indiana it is not necessary that every detail of legislation contained in an act shall be expressed in the title thereof. It is sufficient if the title expressed the general subject of the act and if all the provisions embraced in the act are fairly and naturally germane to the subject so expressed. *Knight & Jillson Co.* v. *Miller* (1909), 172 Ind. 27, 87 N. E. 823, 18 Ann. Cas. 1146; *Baltimore, etc., R. Co.* v. *Town of Whiting* (1903), 161 Ind. 228, 68 N. E. 266; *Isenhour* v. *State* (1901), 157 Ind. 517, 62 N. E. 40, 87 Am. St. 228; *Benson* v. *Christian* (1891), 129 Ind. 535, 29 N. E. 26; *Kane* v. *State, ex rel.* (1881), 78 Ind. 103; *Robinson* v. *Skipworth* (1864), 23 Ind. 311. The title of the ''Corrupt Practices Act'' of 1911 is sufficient to cover the criminal features thereof and it furnishes no ground for declaring said act unconstitutional.

Appellee next contends that the allegation ''which said primary election had been theretofore regularly called by the authorized representatives of said party for the purpose of nominating a candidate for said office and other offices'' is a mere recital and a conclusion. Our statutes provide the manner in which a primary election shall be called and as the courts take judicial notice of our statutes it was not necessary to set out in the indictment each step taken by the authorities in calling the primary but the allegation that it ''had been theretofore regularly called by the authorized representatives of said party'' was sufficient. Moreover the fact that said allegation is contained in a relative clause instead of being made direct does not make it a recital. The following language in an indictment, ''at a certain primary election which was then and there held by a certain

political party known as the Democratic party, and which primary election, had been theretofore regularly called by the authorized representatives of said party for the purpose of nominating candidates for such office and other offices,'' is not a recital, but a direct averment. *Gaussin* v. *State* (1910), 174 Ind. 583, 92 N. E. 651; *Malott* v. *Sample* (1905), 164 Ind. 645, 74 N. E. 245.

It was not necessary to allege in the indictment facts showing that the Democratic party was entitled to hold a primary election in Floyd County in March, 1912, since the court judicially knows what parties cast a sufficient vote at the last preceding general election to be entitled to hold a primary. *Banks* v. *State* (1901), 157 Ind. 190, 195, 60 N. E. 1087; *In re Denny* (1901), 156 Ind. 104, 110, 59 N. E. 359, 51 L. R. A. 722.

6.

It is further contended by appellee that the indictment does not allege that the primary referred to was held or to be held preliminary to any election. The court knows judicially that the general elections are preceded by primary elections, at which candidates to be voted for at such general elections are selected by the respective political parties. No presumption of law or matter of which the court takes judicial notice need be set out in the indictment or affidavit. §2047 Burns 1908, Acts 1905 p. 584, §176; *State* v. *Hirsch* (1890), 125 Ind. 207, 24 N. E. 1062, 9 L. R. A. 170. The words ''Primary Election'' are well understood to mean the act of choosing candidates by respective political parties to fill the various offices, as the word election is understood to mean the final choice of electors to fill such offices. *State* v. *Hirsch, supra.*

7.

8.

9.

It is further contended that the first count of the indictment is insufficient for the reason that the word ''work'' for him, was used, and does not define the kind of work he was required to do, or that the same was unlawful. The indictment charges, ''that the said

10.

John M. Paris, who was then and there a candidate for nomination, etc., * * * did then and there unlawfully and wrongfully give to one Andrew Buckingham two dollars for the purpose of inducing and procuring divers persons, to the grand jury unknown, to vote for him, the said John M. Paris'', etc., but does not allege that such persons were to be *unlawfully* induced or procured to vote for appellee. The argument is that from all that appears in the indictment, Buckingham may have been employed to advertise, pass cards, as a stenographer, or to do some other work permitted by the "Corrupt Practices Act" of 1911, with the purpose of procuring votes for appellee. Section 11 of said "Corrupt Practices Act" (Acts 1911 p. 288), contains no exceptions but every one is made guilty of corrupt practices who gives anything of value to any person for the purpose of influencing the vote of any one at an election or primary election. In §5 of said act (Acts 1911 p. 288), there is a proviso to the effect "That a candidate may pay personally, in addition to said sum or valuable thing or things amounting thereto, his own expenses for postage, letters, circular letters, telegrams, telephoning, stationery, printing, advertising, publishing, expressage, traveling and board." It is well established in this State that an indictment need negative only those exceptions which are closely connected with the enacting clause or in the same clause that creates the offense. Where the exception comes by way of proviso or is contained in a different section of the statute it is not necessary to show by negative averment that the defendant was not within the exception, but the exception in such case is a mere matter of defense. *Witty* v. *State* (1910), 173 Ind. 404, 90 N. E. 627, 25 L. R. A. 1297; *State* v. *Barrett* (1909), 172 Ind. 169, 87 N. E. 7; *State* v. *Weller* (1908), 171 Ind. 53, 85 N. E. 761; *Yazel* v. *State* (1908), 170 Ind. 535, 84 N. E. 972; *Ferner* v. *State* (1898), 151 Ind. 247, 51 N. E. 360; *Russell* v. *State* (1875), 50 Ind. 174; *Alexander* v. *State* (1874), 48 Ind. 394; *Brutton* v. *State*

(1853), 4 Ind. 601; *Colson* v. *State* (1845), 7 Blackf. 590; *State* v. *Closser* (1913), *ante* 230, 99 N. E. 1057, and cases cited.

The only other contention of appellee in regard to the sufficiency of the second count of the indictment which has not been covered by what has been said in regard to the first count is that said second count should have shown the particular election to which the primary was preliminary. We think that a reading of the statute upon which the count is based makes it clear that such an allegation is unnecessary.

Fortunately this court has been given rules, by legislative enactment, for the construction of criminal pleadings and declaring what shall be a sufficient indictment, as set out in §2060 Burns 1908, Acts 1905 p. 584, §191 and §2063 Burns 1908, Acts 1905 p. 584, §192.

We are of the opinion that each count of the indictment is sufficient, and the court erred in sustaining the motion to quash the same. The judgment is therefore reversed with instructions to the court below to overrule the motion to quash each count of the indictment.

Note.—Reported in 101 N. E. 497. See, also, under (1, 2) 36 Cyc. 1017; (3, 5, 10, 12) 15 Cyc. 448; (4) 16 Cyc. 889; (6) 15 Cyc. 448; 22 Cyc. 303; (7) 16 Cyc. 869; (8) 22 Cyc. 303; (9) 15 Cyc. 279; (11) 22 Cyc. 344. As to constitutional provisions in respect to the sufficiency of the title of a statute, and how such apply, see 64 Am. St. 70. As to the presumption that courts have knowledge of the laws under which they act, see 11 Am. Dec. 780.