## SELBY v. STATE OF INDIANA.

[No. 23,562.  Filed October 6, 1920.]

1. LARCENY.—*Possession as Evidence of Guilt.—Instruction.—Omission of Word "Recently."*—In a prosecution for larceny of chickens, where undisputed evidence showed that the chickens were stolen, if at all, not more than eighteen hours before they were found in concealment in a burlap bag, and not more than a few hours before a burlap bag was seen in a wagon being driven by the defendant near the place of concealment, an instruction, as to the effect of the possession of stolen property "after the commission of the alleged larceny," was not misleading because it omitted the word "recently." p. 460.

2. CRIMINAL LAW.—*Release of Defendant Pending Trial.—Failure to Require Bond.—Evidence of Innocence.*—In a prosecution for larceny, the fact that the sheriff permitted the defendant to go at large without giving bail in the amount fixed by the court, constitutes no proof of the defendant's innocence or guilt, and the admission of such evidence without objection could not deprive the court of the right to give instructions defining the issue to be tried, and excluding from the jury's consideration the fact whether a bond was given. p. 462.

3. CRIMINAL LAW.—*Flight of Accused.—Admissibility.*—In a prosecution for larceny, the fact that the defendant did not flee when he learned that the property had been found and that he was suspected of stealing it, was legitimate matter for the jury's consideration and for comment by counsel. p. 462.

4. CRIMINAL LAW.—*Transcript.—Certification.—Authentication as to Evidence.*—Where the transcript of the evidence on appeal in a larceny case closed with the official stenographer's statement that "This was all the evidence given in this cause," the judge's certificate following must be deemed to authenticate such statement and to warrant the consideration of questions arising on the evidence, as against the objection that the judge's certificate to the bill of exceptions fails to state that it contains all the evidence. p. 463.

5. CRIMINAL LAW.—*Record of Prior Conviction.—Admission.—Harmless Error.*—In a prosecution for larceny, the admission in evidence of a record of a former conviction of the defendant on a similar charge, reciting that "by reason of the facts surrounding the commission of said crime, the interests of society does not demand or require" the prescribed punishment, and

that the defendant "go at liberty on probation," was harmless, even if error, in view of evidence brought out, without objection, by both parties. p. 463.

6. LARCENY.—*Evidence.*—*Sufficiency.*—In a prosecution for larceny, the evidence, considered with the inferences tending to support the jury's conclusion, is reviewed and held sufficient to support a verdict of guilty. p. 464.

From Fayette Circuit Court; *Raymond S. Springer,* Judge.

Prosecution by the State of Indiana against Claude Selby. From a judgment of conviction, the defendant appeals. *Affirmed.*

*D. W. McKee* and *G. Edwin Johnson,* for appellant.

*Ele Stansbury* and *Dale F. Stansbury,* for the state.

EWBANK, J.—The indictment on which appellant was tried charged him with the larceny of four chickens, of the value of $6, the property of Henry Suhre. To this indictment he pleaded, "Not guilty."

There was evidence that, on Saturday, September 14, 1918, Henry Suhre, for whom appellant was working as a farm hand on a farm in Fayette county, left home with his wife for a visit, telling appellant that when he had finished certain work he might take the employer's spring wagon and horse and drive to the home of his wife's parents, fourteen miles away in the same county; that persons who passed appellant on the road a few miles from the home of his wife's parents saw a burlap bag in the back part of the wagon; that when he reached a gate leading into a cornfield, half a mile north of the village of Columbia, early Saturday evening, he stopped his horse and wagon, he said, to get a piece of wire from the fence; that at that time no corn had been cut off near the gate; that the next morning,

Sunday, the farmer, John Hay, drove to that gate and cut off a small load of cornstalks and hauled them home for feed; that while he was at work his children found a burlap bag concealed in some locust bushes inside the fence near the gate, in which were four hens; that, in the evening of that day (Sunday), Mr. Hay and several neighbors hid in the corn near the gate, and after nine o'clock that night the appellant and a boy from the village drove the horse and spring wagon up to the gate and slowed down, but when they came opposite where the corn was cut off they drove on north to the corner and there turned around and drove back; that as they approached the gate the horse again slowed down, but just as they came opposite where the men were hiding the horse was started . up suddenly and rapidly driven away; that the next day appellant said they had driven up to John Hay's home to get a box to pack fruit in, and had called repeatedly opposite his house without receiving an answer, and had then driven up to the corner to get a box lying beside the road, but witnesses testified that they had not so called at the home of Mr. Hay and that no box was beside the road; that the four hens were identified as belonging to Henry Suhre, and when turned loose in his chicken lot went to their usual roosting place in his henhouse; that the bag in which the hens were found had contained fertilizer, and bore the name of a brand used by Henry Suhre, for which his landlord, who lived many miles from Columbia, was the agent, but which was not known to any of the witnesses who lived near where the hens were found.

Appellant testified as a witness and on cross-examination stated that he had previously pleaded guilty

to a charge of stealing chickens, and had been convicted, but was released on a suspended sentence. A dozen witnesses, including the trustees of two or three townships and some former trustees, many of whom had known appellant all his life, testified that his general moral character and his character for truth and veracity were bad; and no evidence was offered of his good character.

Complaint is made of the giving of certain instructions, but, after carefully considering them in connection with the evidence, we are convinced that no inaccuracies complained of could have adversely affected the appellant.

The undisputed evidence shows that, if the chickens were stolen at all, they were stolen not more than a few hours before the time when the bag supposed to contain them was shown to have been in the wagon driven by the appellant, and not more than eighteen hours before they were found by the gate. The omission of the word "recently" in declaring the effect as evidence of guilt of the fact of being found in possession of stolen property "after the commission of the alleged larceny" could not have misled the jury. The instruction as to the effect of restitution was not applicable to any evidence in the case, but could not have harmed the appellant. And the comments on circumstantial evidence, apparently copied from some text-book, were not at all prejudicial to him.

It is certainly not true that the act of the sheriff in permitting the appellant to go at large while awaiting trial without giving bail in the amount 2. fixed by the court, if he did so, constituted any proof of the appellant's innocence or guilt. And the mere fact that evidence of the sheriff's act 3. had been admitted without objection could not deprive the court of its right to instruct the

jury what was the issue for their determination, and that they were not called on to consider the question whether or not à bond was given for appellant's appearance at the trial.

That appellant did not flee when he learned that the chickens had been found, and knew that he was suspected of stealing them, was legitimate matter for comment by counsel and for consideration by the jury. But the action of the sheriff, after appellant had been indicted and arrested, and after his bail had been fixed at $1,500, had no more tendency to prove him innocent than would the action of any neighbor of the appellant in signing his bail bond as surety for his appearance.

The Attorney-General objects to the consideration of questions arising upon the evidence because the certificate of the judge to the bill of exceptions 4. does not, he says, state that it contains all the evidence. But at the end of the transcript of the evidence the official stenographer wrote that, "This was all the evidence given in this cause," and the certificate of the judge, which follows, must be deemed to authenticate that statement.

Since the fact that appellant had been previously convicted of stealing chickens, upon his plea of guilty, was testified by him on cross-examination, 5. without objection, and several other witnesses directly and indirectly testified to the same facts without objection, some of them on direct examination by the prosecuting attorney, and some of them in answer to questions on cross-examination asked by counsel for appellant, the introduction in evidence of the record of such conviction, reciting that "by reason of the character of said defendant and the facts and

circumstances surrounding the commission of said crime, the interest of society does not demand or require that the defendant shall suffer the penalty imposed by law if he shall hereafter behave well,'' and that he ''go at liberty on probation so long as he behaves well,'' could not have harmed the appellant, even if its admission in evidence should be found to be erroneous. It is therefore not necessary to consider, and we do not decide, the question whether or not said record was properly admitted in evidence. There was ample evidence to sustain the verdict of guilty, if the jury believed it and drew from it the inferences not favorable to appellant which it fairly tended to support.

The judgment of the circuit court is affirmed.