## BEYER *v.* STATE OF INDIANA.

[No. 25,246.  Filed October 28, 1927.  Rehearing denied
February 15, 1928.]

1. INDICTMENT AND AFFIDAVIT.—*Indictment need not negative exceptions contained in provisos to the statute defining the crime.*—An indictment or affidavit charging the commission of a crime need not negative exceptions contained in provisos to the statute defining the crime.  p. 648.

2. PHYSICIANS AND SURGEONS.—*Indictment charging practice of medicine without license need not negative exceptions in statute.*—An indictment charging the defendant with having practiced medicine without a license, in violation of §§12243, 12244 Burns 1926, need not negative the exceptions to the statute, as they are contained in provisos thereto, such exceptions constituting defenses.  p. 648.

3. PHYSICIANS AND SURGEONS.—*Proof required to convict of practicing medicine without license.*—In a prosecution for practicing medicine without a license in violation of §12243 Burns 1926, the statute does not require allegation or proof that defendant made any announcement of his readiness to practice medicine or to prescribe for or to cure those suffering from any disease.  p. 651.

4. PHYSICIANS AND SURGEONS.—Evidence *held* sufficient to sustain conviction for unlawfully practicing medicine in violation of §12243 Burns 1926.  p. 651.

5. CRIMINAL LAW.—*Instruction held harmless in prosecution for practicing medicine without license.*—In a prosecution for practicing medicine without a license, an instruction that it was immaterial whether the persons treated by defendant were benefited or cured was harmless where there was no evidence as to whether any of them were benefited or cured and the verdict was clearly right under the evidence.  p. 652.

6. PHYSICIANS AND SURGEONS.—*Instructions not referring to exceptions in statute not error where defendant made no claim to being within exceptions.*—In a prosecution for practicing medicine without a license, where the defendant did not claim to be within any of the exceptions to the statute and no issue was raised as to any of such exceptions, instructions that did not refer to the exceptions were not erroneous.  p. 652.

7. CRIMINAL LAW.—*Repetition of instructions.*—Repetition of instructions will not work a reversal in a criminal case unless it is of such a nature as to mislead the jury.  p. 652.

From Decatur Circuit Court; *Julian Sharpnack,* Special Judge.

Henrietta Beyer was convicted of practicing medicine without a license, and she appeals. *Affirmed.*

*Chauncey W. Duncan, George L. Tremain* and *Rollin A. Turner,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Dale F. Stansbury* for the State.

GEMMILL, J.—This is an appeal from a judgment of the Decatur Circuit Court against the appellant for having unlawfully engaged in the practice of medicine without having any license to do so, on or about November 30, 1925, in Decatur county, Indiana, in violation of §§8409 and 8410 Burns 1914 (§§12243 and 12244 Burns 1926.) The judgment was that she be fined in the sum of $150.

The first assignment of error is that the court erred in overruling appellant's motion to quash the indictment. It is contended that the indictment was not

1, 2. sufficient because it did not negative certain exceptions of the statute. In *State* v. *Paris* (1913), 179 Ind. 446, 453, 101 N. E. 497, the court said: "Where the exception comes by way of proviso . . . it is not necessary to show by negative averment that the defendant was not within the exception, but the exception in such case is a mere matter of defense." In defining the crime of which appellant was convicted, the exceptions are contained in provisos. An affidavit charging defendant with practicing medicine without a license need not negative the exceptions set out in a proviso to the statute which defines the practice of medicine, such exceptions constituting defenses. *Witty* v. *State* (1910), 173 Ind. 404, 90 N. E. 627. Affidavits containing allegations similar to those in the indictment in the instant case have been held to be sufficient.

*Parks* v. *State* (1902), 158 Ind. 211, 64 N. E. 862;
*Melville* v. *State* (1909), 173 Ind. 352, 89 N. E. 490.   It
was not error to overrule the motion to quash the
indictment.

The second assignment of error is that the court erred
in overruling appellant's motion for a new trial.   Appel-
lant claims that there was a total lack of evidence to
show that she was guilty of practicing medicine without
a license.   From the evidence, the following appeared:
The defendant lived in the town of Sandusky in Decatur
county.   She rented a two-story house called the Fleet-
wood house about two blocks from where she lived.   In
the house were fifty to sixty common chairs and a few
other pieces of furniture.   No one stayed or lived there
constantly.   When people came to see the defendant,
they would be received in the front part of the house.
There they would register and would receive a number,
and when their turn came, they would enter a room where
the defendant was.   When a person registered, a fee of
one dollar was paid.   The registration fee was later
raised to two dollars.   Some days, fifty to sixty people
would register.   When patients would enter the treat-
ment room, the defendant would stand five to seven feet
distant, and, without asking any questions, would tell
them what different ailments they had and what their
condition was.   She would then prescribe medicine for
them.   Sometimes, she would treat patients by bathing
the affected parts with a very hot liniment.   The de-
fendant would tell the attendant at the registration desk
the kind of medicine to give the patients.   She had eight
or ten different kinds of medicine.   The patients would
pay the person at the registration desk for the medicine.
The money collected for registration and for medicine
was later handed to the defendant.   She did not have a
license to practice medicine in Decatur county, Indiana.

Section 12234 Burns 1926, §8400 Burns 1924, provides

as follows: "That it shall hereafter be unlawful for any person to practice medicine, surgery or obstetrics in this state without first obtaining a license so to do, as hereinafter provided." The practice of medicine is thus defined in §12243 Burns 1926, §8409 Burns 1914:

> "To open an office for such purpose or to announce to the public in any way, a readiness to practice medicine in any county of the state or to prescribe for, or to give surgical assistance to, or to heal, cure or relieve, or to attempt to heal, cure or relieve those suffering from injury or deformity, or disease of mind or body, or to advertise, or to announce to the public in any manner a readiness or ability to heal, cure or relieve those who may be suffering from injury or deformity, or disease of mind or body, shall be to engage in the practice of medicine within the meaning of this act: Provided, That nothing in this act shall be construed to apply to or limit in any manner the manufacture, advertisement or sale of proprietary medicines. It shall also be regarded as practicing medicine within the meaning of this act, if any one shall use in connection with his or her name the words or letters, Dr. Doctor, Professor, M. D. or Healer, or any title, word, letter or designation intending to imply or designate him or her as a practitioner of medicine or surgery in any of its branches: Provided, That this act shall not be construed to apply to nonitinerant opticians who are at this time engaged in, or who may hereafter engage in, the practice of optometry in this state, nor to professional or other nurses. In charging any person in an affidavit, information or indictment with a violation of this law by practicing medicine, surgery or obstetrics without license, it shall be sufficient to charge that he did, upon a certain day and in a certain county, engage in the practice of medicine, he not having any license to so do, without averring any further or more particular facts concerning the same."

Appellant says that, "there is no evidence of any an-

nouncement to the public in any way of a readiness to
practice medicine or to prescribe for and give sur-
3, 4. gical assistance to and heal those suffering from
a disease of mind or body." It is appellant's
contention that in the first part of said section, the follow-
ing part: "to prescribe for, or to give surgical assistance
to, or to heal, cure or relieve or attempt to heal, cure or
relieve those suffering from injury or deformity, or dis-
ease of mind or body," is connected with the part in re-
gard to announcing to the public in any way a readiness
to practice medicine, so that there must be an anounce-
ment of a readiness to prescribe for, etc. What appel-
lant says is meant by the first part of the quoted section
is clearly stated later therein. We cannot agree with
appellant's interpretation of the statute. In the brief
of the Attorney-General, it is well said that, "The legis-
lature could not have intended to permit an unlicensed
person to prescribe medicine and attempt cures, and at
the same time make it an offense merely to make public
announcement of a readiness to prescribe or cure."
The evidence shows that a place called the Fleetwood
house was opened and used as an office for the practice
of medicine; and that at said place she practiced medi-
cine, as defined in §12243 Burns 1926, §8409 Burns 1914,
without a license.

It is urged that the court erred in giving to the jury
of its own motion, instruction No. 12, which read as
follows:

"The fact as to whether any of the persons treated
by the defendant, as shown by the evidence in this
case, if you find any such persons were treated,
were benefited or cured, is immaterial and should
not be considered by the jury in determining the
question of her guilt or innocence. The sole and
only question for you to decide in this connection

is, whether or not said defendant did any of the acts and things defined in §8409 of the statute as practicing medicine. If so then she was engaged in the practice of medicine regardless of whether she benefited or cured any of such persons."

There was no evidence as to whether any of the patients of appellant were benefited or cured; and the part of the instruction in regard thereto was not necessary. But appellant could not have been harmed by that part of the instruction. A cause will not be reversed for the giving of an instruction not applicable to the evidence, where it clearly appears it did not harm the appellant. *Selby* v. *State* (1920), 189 Ind. 459, 462, 128 N. E. 356. In 1 Randall, Instructions to Juries §122, it is said:

"Such an instruction (one not applicable to the evidence) will not constitute ground for reversal, where no prejudice is shown to the party complaining of it, and it appears that the jury could not have been misled thereby."

The verdict was clearly right under the evidence. Error did not result from giving said instruction.

Appellant did not claim that she came within any of the exceptions to the statute. The exceptions were matters of defense. No issue being raised as to any of the exceptions, it was not error for the court to omit reference to same in some of the instructions. *Witty* v. *State, supra.*

Instruction No. 4, requested and tendered by the defendant and refused by the court, was based on an incorrect interpretation of the statute upon which the prosecution was based.

Objection is made because there was a repetition of instructions. Repetition will not work a reversal in a criminal case unless it is of such a nature as to mislead the jury. Branson, Instructions to

Juries (2d ed.) §81. There is no merit to this objection. No reversible error appearing, the judgment is affirmed. Myers, J., not participating.