HILL *v.* STATE EX REL. WILSON.

[No. 15,237. Filed June 2, 1936. Rehearing denied October 13, 1936.]

*Clarke & Clarke* and *Charles L. Tindall*, for appellant.
*Claycombe & Stump*, for appellee.

BRIDWELL, J.—This appeal is from a judgment rendered against appellant restraining and enjoining her from the practice of medicine in the State of Indiana until she shall have obtained a license so to do, and awarding attorney fees and costs against her. The action was brought by the State of Indiana on the relation of the prosecuting attorney of Marion county, Indiana, as authorized by section 1 of chapter 248, Acts 1927, p.

725, section 63-1311, Burns' R. S. Anno. 1933, §10712, Baldwin's 1934.

The complaint alleges in substance that the defendant (appellant) is now (at the time of the filing of the complaint), and for more than a year last past has been engaged in the practice of medicine in Marion county, Indiana, without having any license so to do; that unless she is enjoined by the court, she will continue to so engage illegally in the practice of medicine in said county and state without having any license to do so; that relator has no adequate remedy at law, and has been compelled to employ counsel to bring this action. The prayer is that appellant be permanently enjoined from practicing medicine so long as she has no license to do so, and for attorney fees. Appellant filed a motion to require appellee to make complaint more specific, which was overruled. A demurrer to the complaint was filed, which was also overruled, and appellant duly excepted to each of these adverse rulings. The issues were closed by an answer of general denial. The case was submitted to the court for trial, and upon request therefor, the court made and filed its special finding of facts, and stated conclusions of law thereon. The facts as found, and the conclusions of law as stated, were in favor of appellee, and appellant duly excepted to each of the conclusions of law. Judgment on the conclusions of law followed. Appellant, thereafter, and in due course, filed her motion for a new trial, asserting as causes therefor, that the decision of the court is contrary to law; and, that the decision of the court is not sustained by sufficient evidence. This motion was overruled; appellant excepted; perfected this appeal; and assigns as errors, the overruling of her motion to make the complaint more specific; the overruling of the demurrer to the com-

plaint; the overruling of the motion for a new trial; and, error in each of the conclusions of law.

Our statute authorizing proceedings of this character (Burns' R. S. Ann. 1933, section 63-1311, *supra*), provides, among other things, as follows: ". . . In charging any person in a complaint for injunction, . . . with a violation of this law by practicing medicine, . . . without a license, it shall be sufficient to charge that he did, upon a certain day and in a certain county, engage in the practice of medicine, he not having any license to so do, without averring any further or more particular facts concerning the same." The complaint specifically charges appellant with practicing medicine in Marion county, Indiana, without having any license to do so on the day the complaint was filed, and for a year prior to that time, and further alleges that she would continue to do so unless enjoined. The same section of the statute before mentioned defines what shall constitute the practice of medicine, and the allegations of the complaint are entirely sufficient to inform appellant as to the charges she would be called upon to meet at the time of the trial. This is all that is required. There was no error in overruling the motion to make the complaint more specific.

It is asserted that the court erred in overruling the demurrer to the complaint, but we cannot sustain this contention. It is also provided in said section 1 of the Acts of 1927, *supra,* as follows: "The . . . prosecuting attorney . . . of any county where any person shall engage in the practice of medicine as herein defined, without having first obtained a license so to do, may, in accordance with the laws of the State of Indiana governing injunctions, maintain an action in the name of the State of Indiana to enjoin such person from engaging in the practice of medicine, as herein defined, until a license to practice medicine be se-

cured. . . . Provided that such injunction shall not relieve such person so practicing medicine without a license from a criminal prosecution therefor as is now provided by law, but such remedy by injunction shall be in addition to any remedy now provided for the criminal prosecution of such offender." Immediately following, in the same section, appears the provision previously quoted to the effect that in any complaint for injunction it shall be sufficient to charge that the person sought to be enjoined, is engaged in the practice of medicine, he, or she, as the case may be, not having a license to so do. The complaint meets the requirement of the statute, and states a cause of action for injunctive relief. The only contention made by appellant in connection with this claimed error is that the complaint is not sufficient because it did not negative certain exceptions of the statute. This contention is without merit. Where an exception comes by way of proviso, as is true in the statute here involved, it is not necessary to show by negative averment that the defendant was not within the exception. Such fact would be a matter of defense. See *Melville* v. *State* (1910), 173 Ind. 352, 89 N. E. 490; *Witty* v. *State* (1910), 173 Ind. 404, 90 N. E. 627; *State* v. *Paris* (1913), 179 Ind. 446, 101 N. E. 497; *Beyer* v. *State* (1928), 199 Ind. 647, 158 N. E. 477.

The special finding of facts is as follows: "1. That the defendant, Lucy Jane Hill, was on July 25, 1930, the date on which the complaint herein was filed, and for some time prior thereto had been and continuously since said date has been a resident of Marion County, of the State of Indiana, residing in the City of Indianapolis. 2. That the said defendant did not on said date of July 25, 1930, or at any time either prior thereto or since said date, have a license to engage in the practice of medicine in the State of Indiana, or to engage in the practice of any system or method of healing of any

kind whatsoever in the said County and State. 3. That the defendant, on said July 25, 1930, and for some time prior thereto, the exact time however not having been established by the evidence and therefore not being found by this court, had an office for the practice of medicine and made diagnoses and examinations of persons who came to such office claiming to be suffering from diseases and ailments of various kinds, and that she attempted to heal, cure and relieve such persons, and in such attempt prescribed medicines and remedies to such persons which she represented were for the purpose of healing, curing and relieving such persons from such suffering, diseases and ailments; and that she has engaged in such practice since the said date of July 25, 1930, and that she regularly charged and collected fees for the performing of the acts herein stated from the said persons for whom such actions were performed. 4. That the defendant will continue to engage in the same practice as is shown in Paragraph No. 3 of these findings unless enjoined and restrained by an order of court from so doing. 5. That the plaintiff was compelled to employ counsel to bring this action and to prosecute the same, and that in the bringing of this action and in view of all the legal services rendered by such attorneys in filing this action and finally getting it at issue and having a trial thereon after a change of venue and the various continuances which were had, the services rendered by attorneys for plaintiff are of the reasonable value of Five Hundred ($500.00) Dollars."

Upon these facts, the court stated the following conclusions of law: "1. That the defendant unlawfully engaged in the practice of medicine without having a license. 2. That the defendant should be enjoined from engaging in the practice of medicine until a license to practice be secured. 3. That the plaintiff is entitled to

recover attorney fees from the defendant in the sum of two hundred and fifty ($250.00) dollars."

Appellant has waived any error, if any exists, relating to the conclusions of law, or either of them, as she has wholly failed to mention or discuss in her ▇ brief under the heading "Propositions and Authorities" this assignment of error.

The sufficiency of the evidence to sustain the decision of the court is challenged by the motion for a new trial, which also assigns as a cause why a new trial should be granted, that the decision of the court is contrary to law. After reading the evidence in the record, we deem it amply sufficient. To set it out in detail would serve no good purpose. Appellant offered no evidence in her own defense, and the facts proven, together with such reasonable inferences as the trial court had a right to draw from such facts, sustain the decision. No reason is suggested as to why the decision is contrary to law, and we are convinced that none exists which would justify such a holding. The court did not err in overruling this motion.

Finding no reversible error, the judgment is affirmed.

Curtis, J., concurs in result.